**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO: 20-60633-CIV-SMITH

VINCENT J. MORRIS, STEVEN
SIMMONS, YOLANDA UPTON, and
MICHAEL LUZZI, on behalf of themselves
and all others similarly situated,

        Plaintiffs,
v.

**CLASS ACTION COMPLAINT**
**JURY DEMAND**

PHH MORTGAGE CORPORATION d/b/a
PHH MORTGAGE SERVICES, on its own
behalf and as successor by merger to OCWEN
LOAN SERVICING, LLC, a New Jersey
Corporation, and OCWEN LOAN SERVICING,
LLC, a Florida Limited Liability
Company,

        Defendants.
_____/

**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiffs Vincent J. Morris, Steven Simmons, Yolanda Upton, and Michael Luzzi (collectively "Plaintiffs") bring this action, on behalf of themselves and all others similarly situated, against Defendant PHH Mortgage Corporation d/b/a PHH Mortgage Services, on its own behalf and as successor by merger to Ocwen Loan Servicing, LLC ("PHH"), and Defendant Ocwen Loan Servicing, LLC ("Ocwen") (collectively "Defendants") and state:

**NATURE OF ACTION**

    1.    Plaintiffs own homes subject to mortgages serviced by Defendants. Defendants have a uniform practice of knowingly charging illegal and improper "processing fees" when payments on the mortgage are made over the phone or online, although neither the mortgages nor applicable statutory law expressly authorize those fees. Defendants have charged these "processing fees" to Plaintiffs, who have paid them. Accordingly, Plaintiffs seek relief for themselves and all others similarly situated for violations of the Federal Fair Debt Collection Practices Act and breach of their uniform mortgage contracts.

1

**PARTIES**

2. Plaintiff Morris is a citizen and resident of Broward County, Florida, is over the age of eighteen and is otherwise *sui juris*.

3. Plaintiff Simmons is a citizen and resident of Los Angeles County, California, is over the age of eighteen and is otherwise *sui juris*.

4. Plaintiff Upton is a citizen and resident of Dallas County, Texas, is over the age of eighteen and is otherwise *sui juris*.

5. Plaintiff Michael Luzzi is a citizen and resident of New Haven County, Connecticut, is over the age of eighteen and is otherwise *sui juris*.

6. Defendant PHH is a wholly-owned subsidiary of Ocwen Financial Corporation. PHH is an entity existing and incorporated pursuant to the laws of New Jersey with its principal place of business at 1 Mortgage Way, Mount Laurel, New Jersey 08054. Defendant is therefore a corporate citizen of New Jersey. Defendant is amenable to service of process c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. PHH is a debt collector as defined by the FDCPA.

7. Defendant Ocwen Loan Servicing, LLC is a limited liability company with a principal place of business in West Palm Beach, Florida, and is one of the nation's leading specialty loan servicing companies. Ocwen is a debt collector as defined under the FDCPA.

**JURISDICTION AND VENUE**

8. Plaintiffs have standing to bring a claim under the FDCPA because they were directly affected by Defendants' violations of the FDCPA, were subjected to Defendants' illegal and improper debt collection activities, and suffered injury in fact as a direct consequence of Defendants' illegal and improper debt collection activities, in the form of unlawful "processing fees" paid.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than Defendants.

10. This Court has personal jurisdiction over PHH because PHH is authorized to do business and is conducting business throughout the United States, including in Florida. PHH services mortgages and collects debts in the United States, including Florida, and has sufficient

minimum contacts with this State and/or sufficiently avails itself of the markets of the various states of the United States, including Florida, to render the exercise of jurisdiction by this Court permissible.

11. This Court has personal jurisdiction over Ocwen because Ocwen is a Florida corporation and is authorized to do business and is conducting business throughout the United States, including in Florida. Ocwen services mortgages and collects debts in the United States, including Florida, and has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets of the various states of the United States, including Florida, to render the exercise of jurisdiction by this Court permissible.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this action concerns a mortgage on real property in the Southern District of Florida and a substantial part of the events giving rise to Plaintiffs' claims took place in the Southern District of Florida.

## FACTUAL ALLEGATIONS

### A. PLAINTIFF MORRIS

13. Plaintiff Morris resides at 1868 NW 74 Avenue, Hollywood, Florida 33024. Plaintiff Morris financed this purchase with a mortgage that was entered into on March 2, 2006. A copy of the mortgage is attached as Exhibit A (the "Morris Mortgage").

14. At all relevant times, the Morris Mortgage was serviced by Defendants. The Morris Mortgage does not expressly provide for or authorize charging processing fees for making payments online or over the phone. Furthermore, such processing fees are not expressly authorized by Florida state law.

15. Plaintiff Morris was charged a $17.50 "processing fee" in April 2019, May 2019, and October 2019 for making a mortgage payment to Defendants over the phone or online. Plaintiff Morris was charged a $7.50 "processing fee" in June 2019, July 2019, August 2019, September 2019, November 2019, December 2019, January 2020, and February 2020 for making a mortgage payment to Defendants over the phone or online. The "processing fee" is reflected as "SpeedPay" on Plaintiff Morris's Mortgage statements.

### B. PLAINTIFF SIMMONS

16. Plaintiff Simmons resides at 3681 Kensley Drive, Inglewood, CA 90305. Plaintiff Simmons made mortgage payments online and/or over the phone on property subject to a mortgage serviced by Defendants (the "Simmons Mortgage").

17. At all relevant times, the Simmons Mortgage was serviced by Defendants. The Simmons Mortgage does not expressly provide for or authorize charging processing fees for making payments online or over the phone. Furthermore, such processing fees are not expressly authorized by California state law.

18. During the applicable limitations period, Defendants charged Plaintiff Simmons "processing fees" for making the mortgage payments online and/or over the phone, sent mortgage statements to Plaintiff Simmons' home in Inglewood, and Plaintiff Simmons paid these fees while in the State of California.

### C.  PLAINTIFF UPTON

19. Plaintiff Upton resides at 4320 Rainier Street, Apartment 1014, Irving, Texas 75062. Plaintiff Upton made mortgage payments online and/or over the phone on property subject to a mortgage serviced by Defendants (the "Upton Mortgage").

20. At all relevant times, the Upton Mortgage was serviced by Defendants. Plaintiff Upton's loan was in default when Defendants obtained the servicing rights to the Upton Mortgage. The Upton Mortgage does not expressly provide for or authorize charging processing fees for making payments online or over the phone. Furthermore, such processing fees are not expressly authorized by Texas state law.

21. During the applicable limitations period, Defendants charged Plaintiff Upton "processing fees" for making the mortgage payments online and/or over the phone, sent mortgage statements to Plaintiff Upton's home in Irving, Texas and Plaintiff Upton paid these fees while in the State of Texas.

### D.  PLAINTIFF LUZZI

22. Plaintiff Luzzi resides at 35 Coachman Drive, Branford, Connecticut 06405. Plaintiff Luzzi made mortgage payments online and/or over the phone on property subject to a mortgage serviced by Defendants (the "Luzzi Mortgage").

23. At all relevant times, the Luzzi Mortgage was serviced by Defendants. Plaintiff Luzzis' loan was in default when Defendants obtained the servicing rights to the Luzzi Mortgage. The Luzzi Mortgage does not expressly provide for or authorize charging processing fees for making payments online or over the phone. Furthermore, such processing fees are not expressly authorized by Connecticut state law.

24.     During the applicable limitations period, Defendants charged Plaintiff Luzzi "processing fees" for making the mortgage payments online and/or over the phone, sent mortgage statements to Plaintiff Luzzi's home in Branford, and Plaintiff Luzzi paid these fees while in the State of Connecticut.

25.     Where, like here, neither the contract creating the debt nor applicable law expressly authorizes the charging of processing fees, such as those charged by Defendants, such fees have been held unlawful because they violate the FDCPA when the debt collector retains any portion of the fee instead of passing the entire fee through to the payment processor.

26.     Defendants do not pass the entire fee to a payment processor and instead retain a considerable portion thereof. Defendants fail to mention any third-party payment processor in any documentation available to Plaintiffs, including their payment histories. It is well known in the payment processing industry (but not by the general public) that third-party processors charge a small fraction of the amounts Defendants charge as "processing fees." Defendants' records will demonstrate the exact amount Defendants retains for each processing fee charged.

## CLASS ACTION ALLEGATIONS

27.     As detailed below in the individual counts, Plaintiffs bring this lawsuit on behalf of themselves and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

## CLASS DEFINITIONS

28.     Plaintiffs seek to represent the following two nationwide "Classes":

**OCWEN CLASS**

All individuals in the United States who, since March 25, 2016, paid a processing fee to Ocwen for making a payment over the phone or online in connection with a residential mortgage owned or serviced by Ocwen. Excluded from the Class are all employees of Defendants, all members of the Settlement Class in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and the Court.

**PHH CLASS**

All individuals in the United States who, since March 25, 2016, paid a processing fee to PHH for making a payment over the phone or online in connection with a residential mortgage owned or serviced by PHH. Excluded from the Class are all employees of Defendants, all members of the Settlement Class in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and the Court.

5

29. Plaintiffs reserve the right to modify or amend the definition of the proposed Classes before or after the Court determines whether such certification is appropriate as discovery progresses.

### b. Numerosity

30. The Classes are comprised of thousands, if not millions, of customers throughout the United States, many of whom pay their mortgages online or over the phone. The Classes are so numerous that joinder of all members of the Classes are impracticable. The precise number of class members is unknown to Plaintiffs, but the precise number and identity of class members are easily identifiable through Defendants' records.

### c. Commonality/Predominance

31. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

    (a) whether Defendants' practice of charging a "processing fee," which is not authorized by contract or any provision of existing law, violates the FDCPA;

    (b) whether Defendants' practice of charging a "processing fee," breaches Plaintiffs' and Class Members' mortgages;

    (c) whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss; and

    (d) whether Plaintiffs and Class members are entitled to other appropriate remedies, including injunctive relief.

### d. Typicality

32. Plaintiffs' claims are typical of the claims of the members of the Classes because, inter alia, all Class members were injured through the uniform misconduct described above, all members of the Classes have mortgages serviced by Defendants just like Plaintiffs, and Plaintiffs are advancing the same claims and legal theories on behalf of himself and all Class Members. It is well known in the mortgage industry that mortgages generally do not expressly authorize processing fees to be charged in order to make a payment online or over the phone.

### e. Adequacy of Representation

33. Plaintiffs will fairly and adequately protect the interests of the members of the Classes. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic

interests to those of the Classes. Plaintiffs anticipate no difficulty in the management of this litigation as a class action. To prosecute this case, Plaintiffs have chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of consumer class litigation.

### f. Requirements of Fed. R. Civ. P. 23(b)(3)

34. The questions of law or fact common to Plaintiffs' and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Classes. All claims by Plaintiffs and the unnamed Class members are based on the common course of conduct by Defendants to charge illegal "processing fees" to Plaintiffs and the unnamed Class members.

35. Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there will be some individualized damages determinations.

36. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Classes as is in the case at bar, common questions will be held to predominate over individual questions.

### g. Superiority

37. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

   a. Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside throughout the country;

   b. Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions;

   c. There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

   d. The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

   e. Individual suits would not be cost effective or economically maintainable as individual actions; and

   f. The action is manageable as a class action.

    h.  Requirements of Fed. R. Civ. P. 23(b)(2)

  38.  Defendants have acted and refused to act on grounds generally applicable to the Classes by engaging in a common course of conduct by Defendants to charge illegal "processing fees" to Plaintiffs and the unnamed Class members, thereby making appropriate final injunctive relief with respect to the classes as a whole.

## FRAUDULENT CONCEALMENT TOLLING

  39.  All applicable statutes of limitation have been tolled by Defendants' knowing and active fraudulent concealment and denial of the facts alleged herein throughout the period relevant to this action. Plaintiffs and members of the class did not and could not have known about the facts giving rise to the causes of action at any point during Defendants' charging of the illegal processing fees. Plaintiffs and class members could not have discovered the facts that would disclose Defendants' fraud despite exercising reasonable care and diligence in seeking to learn them. Defendants fraudulently concealed the truth from its customers and, accordingly, the relevant statutes of limitation should be equitably tolled until Plaintiffs filed this action at the earliest.

  40.  Instead of disclosing that Defendants collects a massive profit from charging the "processing fees," Defendants represents the fees are mandatory and authorized by either the mortgage or existing statutory law, and that borrowers are "agreeing" to pay the fees in order to be provided an additional "service," despite the fact that collecting mortgage payments from borrowers is Defendants' regular business practice. Defendants also never reveals that it does not pass the entire fee to a payment processor and instead retains a considerable portion thereof as additional profit. Defendants further fails to mention any third-party payment processor in any documentation available to Plaintiffs or class members. By making many affirmative representations that concealed the "processing fees" were merely a hidden profit center as described in this complaint, Defendants actively and successfully concealed Plaintiffs' and class members' causes of action.

  41.  Furthermore, by making repeated false statements to consumers concerning the processing fees, Defendants actively and successfully concealed Plaintiffs' and class members' causes of action by fraudulent means.

## COUNT I
### For Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.
### (On behalf of Plaintiffs and Members of the Two Classes)

42. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–41 as if fully set forth herein.

43. This cause of action is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(2)(b).

44. It is a violation of the FDCPA for a debt collector to undertake the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

45. At all times material, Defendants were and are each a "debt collector" under the FDCPA because they regularly collect debts owed others and acquired Plaintiffs Luzzi and Upton's loans and the loans of the Class members when those loans were in default. 15 U.S.C. § 1692a(6). Moreover, Defendants were and are each a "debt collector" under the FDCPA because each uses an instrumentality of interstate commerce or the mails in business the principal purpose of which is the collection of any debts. *Id*. Indeed, the Defendants meet the general definition of a "debt collector" under the FDCPA.

46. As debt collectors, Defendants used instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts from the Plaintiffs and the Classes.

47. At all times material, Plaintiffs and Class Members were "consumers" because each was a natural person obligated to pay the mortgage debts at issue. 15 U.S.C. § 1692a(3).

48. At all times material, Plaintiffs' and the Class Members' mortgage debts were "debts" because they were each an obligation of a consumer to pay money arising out of a transaction in which the property that was the subject of the transaction was primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

49. The "processing fees" charged to Plaintiffs and members of the Class were incidental to the consumer debts.

50. Defendants had no legal right to seek collection of (or to actually collect) any "processing fees" from Plaintiffs and members of the Classes. Defendants had and still has the underlying contracts in its possession, custody or control, which do not expressly authorize these

"processing fees," and Defendants therefore had actual knowledge that it had no legal right to collect these fees.

51. The "processing fee" is not authorized by the mortgage contracts of Plaintiffs and the members of the Classes or by Federal law, but Defendants collected these fees anyway. In doing so, Defendants violated the FDCPA.

52. As a direct and primary result of Defendants' violations, Plaintiffs and members of the Classes have been harmed. Plaintiffs and the Class members are entitled to actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C. § 1692k(a)(1); 15 U.S.C. § 1692k(a)(2)(A); 15 U.S.C. § 1692k(a)(3).

## COUNT II
## Breach of Contract
### (On behalf of Plaintiffs and Members of the Two Classes)

53. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–41 as if fully set forth herein.

54. Plaintiffs and Class Members purchased homes subject to Mortgages. *See* Ex. A.

55. Defendants became parties to the Mortgages when they became Plaintiffs' and Class Members' servicers. Defendants collect monies from the Plaintiffs and Class members pursuant to those Mortgages, and avail themselves of the benefits of the Mortgages.

56. The Mortgages contain a uniform covenant providing only that "amounts disbursed by the lender" will become debt of the borrower. *See, e.g.,* Ex. A, ¶ 7.

57. Thus, Defendants may only charge amounts actually disbursed to pay for the cost of processing mortgage payments online or over the phone. Despite this express limitation, Defendants charge processing fees not agreed to in Plaintiffs' and Class Members' Mortgages and in excess of the amounts actually disbursed by Defendants to cover the cost of processing the mortgage payments over the phone or online.

58. Defendants therefore breached its contracts with Plaintiffs and Class Members when they charged Plaintiffs and Class Members "processing fees" not agreed to in their Mortgages and in excess of the amounts Defendants actually disbursed to pay the costs of processing the mortgage payments over the phone or online.

59. Defendants' charging of processing fees also directly breaches the uniform "Governing Law" provision of the Mortgages. *See, e.g.,* Ex. A ¶15 (providing the Morris Mortgage "shall be governed by Federal law and the law of the jurisdiction in which the property is located").

60. Charging "processing fees" violates the FDCPA because Plaintiffs' and Class Members' Mortgages do not expressly authorize Defendants to charge "processing fees," nor are the "processing fees" permitted by applicable state statutory law.

61. By violating the FDCPA, Defendants violated the Governing Law provision and breached Plaintiffs' and Class Members' Mortgages.

62. Defendants' charging of processing fees also directly breaches the uniform "Loan Charges" provision of the Mortgages. *See, e.g.,* Ex. A ¶ 13 (providing that where "loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower").

63. Because Defendants are not permitted to charge processing fees, the uniform Loan Charges provision of the Mortgages requires Defendants to reduce the processing fees to zero and refund the entire amounts collected.

64. Alternatively, to the extent Defendants are permitted to charge processing fees, the processing fees Defendants charged Plaintiffs and Class Members exceed the maximum charges allowable under the law, and therefore must be reduced by the amount necessary to reduce the charge to the permitted limit, and Defendants must refund any excess sums they collected.

65. As a direct and proximate result of Defendants' breach, Plaintiffs and members of the Class suffered actual damages, in the form of payment of non-contractual "processing fees."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for a judgment:

a. Certifying the Classes as requested herein;
b. Awarding Plaintiffs and members of the Classes actual and statutory damages;
c. Awarding declaratory and injunctive relief as permitted by law or equity, including declaring Defendants' practices as set forth herein to be unlawful and enjoining Defendants from continuing those unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;
d. Awarding attorneys' fees and costs; and
e. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all claims so triable.

Dated: July 24, 2020

Respectfully submitted,

By: /s/ Adam M. Moskowitz
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Howard M. Bushman
Florida Bar No. 0364230
howard@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
Florida Bar 118114
barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: /s/ Josh Migdal
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
Josh Migdal, Esq.
Florida Bar No. 19136
josh@markmigdal.com
Yaniv Adar, Esq.
Florida Bar No. 63804
yaniv@markmigdal.com
eservice@markmigdal.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed July 24, 2020, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ Adam M. Moskowitz
**Adam M. Moskowitz**
Florida Bar No. 984280