**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO: 20-60633-CIV-SMITH

VINCENT J. MORRIS, STEVEN SIMMONS,
YOLANDA UPTON, and MICHAEL LUZZI,
*on behalf of themselves and all others similarly situated*,

      Plaintiffs,

v.

PHH MORTGAGE CORPORATION d/b/a
PHH MORTGAGE SERVICES, on its own
behalf and as successor by merger to OCWEN
LOAN SERVICING, LLC, a New Jersey
Corporation, and OCWEN LOAN SERVICING,
LLC, a Florida Limited Liability Company

      Defendants.

_____/

## **PROPOSED INTERVENORS' MOTION TO INTERVENE AND TO STAY PURSUANT TO THE FIRST TO FILE RULE, AND INTEGRATED MEMORANDUM OF LAW**

**INTRODUCTION**

Proposed Intervenors Lisa Bardak, Lawrence Torliatt, Ursula Williams, Melbourne Poff, and Barbara Poff ("Intervenors") are plaintiffs in three class actions against the same Defendants here, the oldest of which has been pending since May 8, 2019, and all of which challenge the legality of the Defendants' Pay-to-Pay fees.[1] In May 2020, Intervenors' counsel participated in a

---

[1] Their class actions are captioned: *Bardak v. Ocwen Loan Servicing, LLC*, Case No. 8:19-cv-01111-SCB-TGW (M.D. Fla.) (the "*Bardak* action"), filed May 8, 2019; *Torliatt v. Ocwen Loan Servicing, LLC, and PHH Mortgage Corp.*, Case No. 3:19-cv-04303-WHO (N.D. Cal.) (the "*Torliatt* action"), filed July 26, 2019; and *Williams v. PHH Mortgage Corp., itself and as successor by merger to Ocwen Loan Servicing, LLC*, Case No. 1:20-cv-09075 (D.N.J.) (the "*Williams* action"), filed July 17, 2020.

1

mediation alongside Morris's counsel (the original plaintiff here) but the mediation reached an impasse when the Intervenors were unwilling to agree to certain terms demanded by Defendants. Morris's counsel was willing to entertain the Defendants' terms and continue settlement discussions for Morris's pled class – at the time a Florida-only case against only Defendant PHH Mortgage Corporation ("PHH").

But on July 24, 2020, Morris amended and broadened the scope of his complaint to add new plaintiffs from states represented by Intervenors, expanding the Florida-only class Morris originally sought to represent to include a nationwide class of borrowers who paid Pay-to-Pay fees stretching back to March 25, 2016, and adding Ocwen Loan Servicing, LLC ("Ocwen"), a defendant in the Intervenors' actions, as a new defendant. At the same time, the new complaint inexplicably drops Morris's state statutory claim, and fails to assert valuable state law claims that the *Bardak* and *Torliatt* plaintiffs allege, some of which include valuable claims for hefty statutory damages, and for which Torliatt overcame two separate motions to dismiss. Morris's omission of these strong claims in the amended complaint suggests that he is attempting to avoid the first-to-file rule, which would apply to stay this case in favor of Bardak's and Torliatt's actions because they have earlier-filed cases asserting these claims. Unfortunately for Bardak, Torliatt, and all of the proposed class members, should Morris reach a settlement with Defendants, he would most likely release these state statutory claims despite Morris not alleging them and the Defendants not even having to answer them in this action.

The *Torliatt* and *Bardak* actions are significantly more advanced and present stronger claims by which the class members might recover against these common Defendants. In *Torliatt*, the plaintiff has defeated two motions to dismiss, a motion for reconsideration, and a motion to stay, ECF Nos. 39, 49, 62, and discovery is well underway. In *Bardak*, Ocwen's motion to dismiss

has been fully briefed since April 13, 2020. Bardak has conducted class discovery and anticipates filing a motion for class certification no later than October 23, 2020. By contrast, this case was filed by Morris just four months ago, on March 25, 2020, ECF No. 1, and it essentially duplicates the allegations in the Intervenors' cases. No motions have even been filed, let alone resolved. No answer has been filed. No discovery has been conducted.

Given the timing of this amendment, and the two previous unsuccessful mediations, Intervenors are concerned that the Morris Plaintiffs will enter into a weak settlement prejudicial to the Intervenors and the classes they seek to represent. Moreover, such a settlement, if approved, would wrest jurisdiction away from the courts where substantively identical claims against Ocwen and PHH were first filed, and have been actively litigated.

For these reasons, the Intervenors seek to intervene both as of right and with permission, under Rule 24(a) and (b), to protect their interests and those of the classes they seek to represent in their respective actions. Additionally, Intervenors seek a stay of this action pursuant to the first-to-file doctrine. Recently, another court in this district stayed an action brought by the same Morris Plaintiffs' counsel in *Mullen v. Nationstar Mortgage Corp.*, Case No. 20-CV-80165-ROSENBERG (S.D. Fla. Feb. 4, 2020) under nearly identical circumstances and in favor of a first-filed action in *McFadden v. Nationstar Mortgage LLC*, No. 20-CV-00166 (D.D.C. Jan. 22, 2020), represented by the undersigned counsel. *See* Exhibit A, Order.

## STATEMENT OF FACTS

i.  **The Intervenors' Actions**

   A.  **The *Bardak* action**

Lisa Bardak filed her class action against Ocwen on July 5, 2019. (Exhibit B, *Bardak* Complaint). Bardak alleges that Ocwen collected Pay-to-Pay fees in violation of the Fair Debt

3

Collection Practices Act, 15 U.S.C. §1692f and §1692e ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA"), and breached the Uniform Mortgage Agreement. (*Bardak* Compl. at ¶¶ 64-91). Bardak pled two proposed Pay-to-Pay classes, as follows:

> **Nationwide Pay-to-Pay Class:** All persons who were borrowers on residential mortgage loans that were not owned by Ocwen and to which Ocwen acquired servicing rights when such loans were 30 days or more delinquent on loan payment obligations, and paid a fee to Ocwen for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's FDCPA claim through the date a class is certified.
>
> **Florida Pay-to-Pay Class:** All persons with a Florida address who paid a fee to Ocwen for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiff's non-FDCPA claims through the date a class is certified.

(*Bardak* Compl. at ¶¶ 48-49).

Prior to filing her complaint, Bardak sent a pre-suit demand letter to provide Ocwen with notice and a reasonable opportunity to cure. (*Bardak* Compl. at ¶¶ 44-45). On January 14, 2020, Bardak mediated with Ocwen and PHH but did not reach a settlement. Bardak filed an amended complaint on January 30, 2020 and Ocwen moved to dismiss on February 13, 2020. That motion has been fully briefed and ripe for adjudication since April 13, 2020. Bardak again mediated with Ocwen and PHH in May 2020, and counsel for Morris participated as well. Bardak has conducted class discovery, has obtained numerous Ocwen internal documents and class data, has hired experts to review Ocwen's documents and give opinions, and anticipates filing a motion for class certification no later than October 23, 2020 or earlier, pursuant to the scheduling order in that case.

   **B.**  **The *Torliatt* action**

Lawrence Torliatt filed his class action lawsuit against Ocwen on July 26, 2019 and against PHH on July 30, 2019. (Exhibits C, D, *Torliatt* Complaints). The two actions were consolidated

in the first-filed action against Ocwen before Judge Orrick in Case No. 19-cv-04303 (N.D. Cal.). Torliatt alleges that Ocwen and PHH collected Pay-to-Pay fees in violation of California's Rosenthal Act and Unfair Competition Law ("UCL"). (*Torliatt* Ocwen Compl. at ¶¶ 54-67, *Torliatt* PHH Compl. ¶¶ 61-74). Torliatt pled two proposed California Pay-to-Pay classes, as follows:

> **Ocwen California Pay-to-Pay Class:** All persons with a California address who paid a fee to Ocwen for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiff's non-FDCPA claims through the date a class is certified
>
> **PHH Pay-to-Pay Class:** All persons with a California address who paid a fee to PHH for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiff's non-FDCPA claims through the date a class is certified

(*Torliatt* Ocwen Compl. at ¶ 42, *Torliatt* PHH Compl. ¶ 44).

As did Bardak, prior to filing his complaint, Torliatt sent a pre-suit demand letter to both Ocwen and PHH providing them notice and a reasonable opportunity to cure. (*Torliatt* Ocwen Compl. at ¶¶ 40-41, *Torliatt* PHH Compl. ¶¶ 41-42).

On January 14, 2020, Torliatt mediated with Defendants but did not reach a settlement. Ocwen and PHH filed a motion to dismiss Torliatt's Rosenthal Act and UCL claims that the Court denied on April 17, 2020. Ocwen and PHH filed a second motion to dismiss and for reconsideration of the prior Order denying their motion to dismiss, both of which were denied by the Court on June 22, 2020. Exhibit E, Order. Torliatt is currently conducting class discovery and anticipates that discovery necessary for a class certification motion may be completed within a few months.

### C. The *Williams* action

On June 16, 2020, Ursula Williams, Melbourne Poff, and Barbara Poff joined the case *Bell v. PHH Mortgage Corporation, as successor by merger to Ocwen Loan Servicing, LLC*, which

was filed on March 24, 2020.[2] Prior to filing that suit, former Plaintiff Lashelle Bell provided PHH written pre-suit notice on October 29, 2019, but PHH failed to take any corrective action in response. *See* Exhibit F at ¶¶ 54–55.

In that action, Bell brought claims against PHH, as successor by merger to Ocwen, for violations of the Texas Debt Collection Act and for breaches of FHA-insured mortgages, which expressly limit mortgage lenders and servicers, such as Ocwen and PHH, to only "collect[ing] fees and charges ***authorized*** by the Secretary [of Housing and Urban Development]." Exhibit F at ¶ 29 (emphasis original). The HUD Secretary has never authorized Pay-to-Pay fees, and PHH's collection of those fees breaches an express term of every FHA-insured mortgage. Bell brought these claims on behalf of the following classes:

> **The Texas Debt Collection Practices Act Class (the "TDCA Class")**
> All persons in the United States (1) with property located in the State of Texas, (2) secured by a loan that is or was serviced by PHH, (3) who were charged one or more Pay-to-Pay fee, and (4) whose Security Instrument did not expressly authorize the collection of a Pay-to-Pay fee.
>
> **The FHA Pay-to-Pay Class (the "FHA Pay-to-Pay Class")**:
> All persons in the United States (1) with an FHA-insured mortgage (2) that is or was serviced by PHH (3) who were charged one or more Pay-to-Pay fee, and (4) whose mortgages contained language the same as or substantially similar to the uniform covenants in the Security Instrument.

*Id.* at ¶ 57.

Williams and the Poffs continue representing those classes against both PHH and Ocwen:

> **The Texas Debt Collection Practices Act Class (the "TDCA Class")**
> All persons (1) who have or had a residential mortgage loan, secured by their residence located in the State of Texas, (2) that is or was serviced by PHH, (3) who

---

[2] In response to the Amended Complaint adding Williams's and the Poffs' claims, PHH made an esoteric procedural argument in its motion to dismiss that was easily curable by filing Williams's and the Poffs' claims in a separate action. Therefore, on July 17, 2020, Williams and the Poffs voluntarily dismissed their claims and filed a separate action the same day. *See* Exhibit G, Notice of Voluntary Dismissal.

were charged one or more Pay-to-Pay fee, and (4) whose Security Instrument did not expressly authorize the collection of a Pay-to-Pay fee.

**The FHA Pay-to-Pay Class (the "FHA Pay-to-Pay Class")**:
All persons in the United States (1) with an FHA-insured mortgage (2) that is or was serviced by PHH (3) who were charged one or more Pay-to-Pay fee, and (4) whose mortgages contained language the same as or substantially similar to the uniform covenants in the Security Instrument.

*Id.* at ¶ 57.

### ii. The *Morris* Action

Morris filed this action against PHH on March 25, 2020. Just like the earlier-filed *Bardak* action, the initial *Morris* complaint alleged that his mortgage does not expressly provide for or authorize charging processing fees for making payments online or over the phone, and further that such fees are not expressly authorized by Florida state law. (ECF No. 1, *Morris* Complaint, at ¶ 1). Morris alleged that he was nevertheless charged numerous fees, reflected as "processing fees" on his mortgage statements, for making mortgage payments to PHH over the phone or online. (*Id.* at ¶ 10). He claimed that those fees are unlawful under the FCCPA, constitute unjust enrichment, and breach the mortgage agreement. He did *not* allege that his loan was acquired while in default by PHH, nor did he bring any claim under the FDCPA, or bring any claim against Ocwen. In short, Morris's action had no overlap with the *Bardak*, *Torliatt*, or *Bell/Williams* actions.

On July 24, 2020, Morris amended his complaint to add Ocwen as a Defendant and add three new plaintiffs: Simmons (from California), Upton (from Texas), and Luzzi (from Connecticut). The Amended Complaint and circumstances surrounding it present several concerns. The Amended Complaint, ECF No. 11, drops the FCCPA claim, and adds a claim under the FDCPA, even though it fails to allege facts that plausibly establish Plaintiffs' loans were acquired while in default (or even delinquent) by Ocwen or PHH – a prerequisite to an FDCPA claim against a mortgage loan servicer. *See, e.g.*, *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d

7

1229, 1236 (S.D. Fla. 2015) (citing *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1314-15 n.4 (11th Cir. 2015). Indeed, Simmons does not even make conclusory allegations that his loan was acquired while in default or while delinquent. The Amended Complaint attached none of the newly-added Plaintiffs' mortgage agreements, even though they all bring claims for breach of contract. Nevertheless, the Amended Complaint alleges two nationwide classes:

> **OCWEN CLASS:** All individuals in the United States who, since March 25, 2016, paid a processing fee to Ocwen for making a payment over the phone or online in connection with a residential mortgage owned or serviced by Ocwen. Excluded from the Class are all employees of Defendants, all members of the Settlement Class in McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al., No. 2:15-cv-01831- MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and the Court.
>
> **PHH CLASS:**  All individuals in the United States who, since March 25, 2016, paid a processing fee to PHH for making a payment over the phone or online in connection with a residential mortgage owned or serviced by PHH. Excluded from the Class are all employees of Defendants, all members of the Settlement Class in McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al., No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and the Court. *Id.*

These proposed classes encompass the proposed classes pled in the *Torliatt*, *Bardak*, and *Williams* actions.

## ARGUMENT

### I.  The Court Should Allow Intervention As Of Right Under Rule 24(a)

To intervene as of right under Rule 24(a), a movant must show that:

> (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

*Tech. Training Assoc., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695–96 (11th Cir. 2017) (alterations in original) (reversing district court's denial of motion to intervene as of right in case involving apparent reverse auction, citing *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09

(11th Cir. 2004)). The Intervenors satisfy all four requirements.

Moreover, "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Burrow v. Forjas Taurus S.A.*, 2018 WL 809439, at *3 (S.D. Fla. Feb. 9, 2018) (quoting *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993)).

### A. This motion is timely.

Timeliness is to be "determined from all the circumstances." *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1496 (S.D. Fla. 1991) (quoting *NAACP v. New York*, 413 U.S. 345, 366 (1973)). Specifically, a district court must consider "(a) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before moving to intervene, (b) the degree of prejudice to the existing parties resulting from a failure to move promptly, (c) the prejudice to the would-be intervenor if his motion is denied, and (d) any unusual circumstances that affect timeliness." *Id.* at 1496-97 (citing *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984)). Here, the *Morris* action is in its infancy. After two agreed-upon motions to extend time to respond to the complaint, the parties to the *Morris* action have not even filed the initial Scheduling Report, currently due July 29, 2020. There are no pending motions in the *Morris* action. The Intervenors moved promptly, immediately upon the *Morris* Plaintiffs filing an Amended Complaint purporting to represent the same class members as those in the *Bardak*, *Torliatt*, and *Williams* actions. There has been no delay by the Intervenors that would cause prejudice to the existing parties.

### B. The Intervenors have an interest in the subject of this action.

There can be no doubt that the Intervenors have an interest in the subject matter of this suit

9

because they seek to represent overlapping classes asserting essentially the same claims that challenge precisely the same conduct. And any settlement in this case, particularly one reached on unfavorable terms, just months after the case was filed, with no discovery and no adversarial proceedings, will imperil these claims. *See Tech. Training Assoc.*, 874 F.3d at 696 (class member intervenors "have an interest in this case because, as class members, they will be bound by the terms of the settlement if it is approved and judgment is entered").

### C. The disposition of this action will impair the ability of the Intervenors to protect their interests.

A settlement in this case will likely extinguish the claims of the Intervenors because they are based on the same factual allegations. Moreover, because of the small size of their claims in relation to the cost of litigation, the Intervenors cannot protect their interests by opting out of any settlement. Also, Morris's Amended Complaint was filed to expand the allegations to a nationwide class and include plaintiffs from states represented in the *Bardak, Torliatt* and *Williams* actions at a time *after* counsel has already had settlement discussions with the Defendants. *See Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280–81 (7th Cir. 2002) (reversing approval of settlement where objectors argued settlement was product of negotiations that occurred before the filing of class action suits).

### D. The *Morris* Plaintiffs and their counsel do not adequately represent the position of the Intervenors.

This factor is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Burrow v. Forjas Taurus S.A.*, 2018 WL 809439, at *4 (S.D. Fla. Feb. 9, 2018) (citing *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999)). Here, this minimal burden is met. The *Morris* Plaintiffs have failed to assert the valuable state statutory claims (including claims for statutory damages under the Rosenthal Act and the FCCPA) that members of the classes they seek to

10

represent have, and which are asserted by the Intervenors. The *Morris* Plaintiffs' willingness to sacrifice these valuable claims impedes them and their counsel from adequately representing the Intervenors' position and interests. *See Burrow*, 2018 WL 809439, at *4 (finding this factor met where there is a risk that plaintiffs' claims are time-barred, which would give plaintiffs a greater incentive to settle as compared to the movants; noting that "[a] greater willingness to compromise can impede a party from adequately representing the interests of a nonparty" (citing *Clark v. Putnam County*, 168 F.3d 458, 462 (11th Cir. 1999))).

Most importantly, and based on Intervenors' experience during the failed mediations, the movants and the parties have strongly divergent views on what would constitute a fair settlement of the class claims. If a settlement has been reached or the negotiations are nearing completion, and the terms that caused Morris's counsel to proceed without the Intervenors are part of that settlement, then the interests of the Intervenors and the classes they purport to represent are not being represented.

**II.     The Court Should Allow Permissive Intervention Under Rule 24(b)**

Rule 24(b) allows permissive intervention where (1) the motion is timely, (2) the proposed intervenors have "a claim or defense that shares with the main action a common question of law or fact," and (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b); *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1250 (11th Cir. 2002). Those requirements are met. The Court should permit intervention for the purpose of filing this Motion for a stay. *See* Fed. R. Civ. P. 24(b). The motion is timely for the same reasons already addressed in Section I.A, *supra.*

> **A.     The Intervenors have a claim or defense that shares a common question of law or fact with the main action**.

The Intervenors share overlapping classes with the *Morris* plaintiffs against shared Defendants PHH and Ocwen. The cases arise from the same legal theories regarding Pay-to-Pay fees, and the *Morris* action brings claims and proposes certification of classes that include class members located in the same states (California, Texas and Florida) and for the same class members as the classes alleged in the *Bardak*, *Torliatt*, and *Williams* actions.

> **B.     Intervention will not unduly delay or prejudice the *Morris* parties' rights.**

Permitting intervention will not unduly delay or prejudice the parties' rights because Morris and Luzzi are absent class members in the *Bardak* action, Simmons is an absent class member in the *Torliatt* action. If any of the Morris Plaintiffs have an FHA mortgage, they are members in the *Williams* action. Accordingly, even if this action is stayed, the Plaintiffs' interests will continue to be represented in those actions.

For these reasons, the Intervenors should be permitted to intervene for purposes of the present motion.

**III.     The *Morris* Action should be Stayed Pursuant to the First-to-File Rule**

It is within this Court's discretion to stay this case pending the outcome of the *Bardak*, *Torliatt*, and *Williams* actions. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (discretion to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) ("The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned.").

In an almost identical circumstance, the Southern District of Florida granted a defendant's Motion to Stay applying the first-to-file rule to a second-brought action by the same counsel who represents the *Morris* Plaintiffs here. *See Mullen v. Nationstar Mortgage Corp.*, Case No. 20-CV-80165-ROSENBERG (S.D. Fla.) (ECF No. 41, enclosed as **Exhibit A**). In *Mullen* the court observed:

> Here, there is no dispute that the instant case and *McFadden* raise similar issues—the complaints in the two cases are very similar. There is also no dispute that the Defendant is the same in both cases. And while the named Plaintiff in each case is different, there is no dispute that Plaintiff would be a part of the Florida class in *McFadden*, should such a class be certified. When the same defendant is a part of a class in two cases, the similarity-of-parties' prong of the first-filed test is satisfied. Finally, there is no dispute that *McFadden* was filed first.
> \*\*\*
> Against Plaintiff's requests for this action to continue, however, this Court must weigh Defendant's desire not to litigate the same issues in two different federal courts, together with the potential for judicial duplication of effort and waste in the context of a class action lawsuit.

*Id.* at 2-3.

In cases where two federal courts have concurrent jurisdiction over substantially similar actions, the first-filed rule provides that "the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). Grounded in "principles of comity and sound judicial administration," *Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at \*1 (S.D. Fla. Oct. 1, 2012) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)), this longstanding doctrine strives to conserve judicial resources by avoiding duplicate and piecemeal litigation and inconsistent results, *see Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998); *Frankenberg v. Superior Distribs.*, 961 F.

13

Supp. 1560, 1563 (S.D. Ala. 1997); *Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 888 (M.D. Fla. 1993).

"Applying the first-to-file rule requires evaluation of three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, at *2 (S.D. Fla. Apr. 23, 2019). The mere *likelihood* of substantially overlapping issues in two cases militates in favor of the first-filed rule within the Eleventh Circuit. *Manuel*, 430 F.3d at 1135; *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012); *Marietta Drapery & Window Coverings Co. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1370 (N.D. Ga. 2007).

If the Court determines the first-filed rule applies, the Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 675 F.2d at 1174; *AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*, No. 16-24272-CIV, 2017 WL 222053, at *1 (S.D Fla. Jan. 18, 2017). Absent proof of red flags such as "bad faith, anticipatory suits, and forum shopping," *MCS Music Am., Inc. v. Napster, Inc.*, No. 3:06-1197, 2007 WL 726835, at *2 (M.D. Tenn. Mar. 6, 2007) (citing *Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 905 (N.D. Ohio 1999)), "the proper course of action [is] for the [second] court to transfer the case to the [first-filed] court," *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (first and third alterations original) (citing *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d at 1324); *accord, e.g.*, *Hernandez v. Cracker Barrel Old Country Store, Inc.*, No. 8:14-cv-1902-T-33AEP, 2014 WL 5175715, at *1 (M.D. Fla. Oct. 14, 2014); *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606 (S.D. Fla. 1997). Subject only to this "narrow" exception, the Eleventh Circuit has

warned that the "strong presumption . . . that favors the forum of the first-filed suit" cannot be "disregarded lightly." *Manuel*, 430 F.3d at 1135; *Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.*, 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005). In fact, even compelling circumstances do not "automatically compel abandoning the first-filed rule" if similar issues closely link two matters. *Allstate*, 9 F. Supp. 2d at 1316.

Based on the foregoing case law, the Court should stay this action pending a resolution of the *Bardak*, *Torliatt*, and *Williams* actions. First, *Bardak*, *Torliatt*, and *Williams* were all filed before Morris amended his complaint on July 24, 2020 to name Ocwen for the first time and to seek a nationwide class. *See Roy v. All. Capital Mgmt., L.P.*, No. 8:01-CV-2449-T-24MSS, 2002 WL 32657085, at *2 (M.D. Fla. Mar. 13, 2002) (transferring case filed two weeks after first-filed case). Second, the parties are substantially similar in that the actions are against the same Defendants, PHH and Ocwen, and the proposed classes in the *Bardak*, *Torliatt*, and *Williams* actions all include class members encompassed by the proposed classes in *Morris*. *See Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, at *4 (S.D. Fla. Apr. 23, 2019) (holding that the classes, not class representatives, must be compared, and transferring case where classes in first-filed action were broader and encompassed the classes in the later-filed action). Third, the issues in these actions completely overlap: they arise from the same facts, legal theories, and raise claims that are substantially the same as the class claims in the Intervenors' actions. Fourth, the Intervenors bring valuable state-based statutory claims and in *Torliatt*, those claims have survived two motions to dismiss, a motion to reconsider, and a motion to stay.

There are no countervailing or compelling circumstances to refuse a stay. The *Morris* action is in its infancy, and judicial duplication of effort and waste is a real possibility should a settlement be proposed and attendant objections filed.

## CONCLUSION

For all the foregoing reasons, the Intervenors respectfully request that this Court permit their intervention here, and stay this action pending resolution of the *Bardak*, *Torliatt*, and *Williams* actions.

## Certificate of Pre-Filing Conference Under Local Rule 7.1(a)(3)

Intervenors, through their counsel, have conferred regarding this motion with Plaintiffs' and Defendants' counsel. Plaintiffs and Defendant do not consent to the requested relief. Plaintiffs' counsel requested their conferral position be included with the motion in the responsive email with its attachment. *See* Exhibit H.

Dated:  July 27, 2020                                 Respectfully submitted,

/s/ *James L. Kauffman*
James L. Kauffman (Fla. Bar. No. 12915)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email: jkauffman@baileyglasser.com

*Counsel for Proposed Intervenors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020 a copy of the foregoing document was filed electronically. Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James L. Kauffman*
James L. Kauffman
