**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO: 20-60633-CIV-SMITH

VINCENT J. MORRIS, STEVEN SIMMONS, YOLANDA UPTON, and MICHAEL LUZZI, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES, on its own behalf and as successor by merger to OCWEN LOAN SERVICING, LLC, a New Jersey Corporation, and OCWEN LOAN SERVICING, LLC, a Florida Limited Liability Company,

    Defendants.    /

**MOTION OF PROPOSED AMICI CURIAE NATIONAL ASSOCIATION OF CONSUMER ADVOCATES, NATIONAL CONSUMER LAW CENTER, AND PUBLIC CITIZEN FOR LEAVE TO FILE AN AMICUS BRIEF IN RESPONSE TO THE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS**

National Association of Consumer Advocates (NACA), National Consumer Law Center (NCLC), and Public Citizen respectfully seek leave to file the attached brief of amici curiae in response to plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class, ECF 46 (filed Aug. 26, 2020). The proposed settlement would amend the promissory notes and mortgages for the residential properties of all class members to authorize defendants to charge so-called "convenience fees." Plaintiffs contend that defendants have unlawfully charged such fees because they are currently not authorized by the promissory notes and mortgages of class members. In effect, if the proposed settlement is approved, PHH will have used a class-action settlement to legalize going forward and bind the

1

class to the practices that plaintiffs alleged were unlawful in the first place.

"The decision to give notice of a proposed settlement to the class is an important event," and "[t]he parties must provide the court with information sufficient to determine whether notice should be sent." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment. Proposed Amici are concerned that the provision of the settlement agreement amending class members' notes and mortgages raises legal and policy concerns that have not been adequately addressed in the record currently before this Court. As explained in more detail in the amicus brief, using a class action settlement to amend notes and mortgages en masse could have unforeseen and unintended consequences for consumers specifically and for the mortgage lending marketplace as a whole. The parties, moreover, appear uncertain about the propriety of the proposed mass amendment, as reflected by the perpetual obligation that the settlement would impose on class members to execute as yet unidentified documents in the event a class-wide amendment is deemed ineffective. As the proposed brief further explains, the Court also lacks adequate information about the benefit to the defendants of this mass amendment, or of the circumstances surrounding the manner in which this settlement was reached.

Proposed Amici's brief sets forth those concerns and respectfully submits that their brief will assist this Court in making the determinations required by Rule 23(e)(1) for deciding whether to grant preliminary approval of the proposed settlement. This Court has "inherent authority" to consider amicus briefs "to assist it in a proceeding." *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991). "Inasmuch as an amicus is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus." *Id.* (internal quotation marks omitted). The district courts in this district have recognized that amicus briefs

may be granted where "the amicus has a special interest" in the subject matter of the litigation. *City of S. Miami v. DeSantis*, No. 19-cv-22927, 2019 WL 9514566, at *1 (S.D. Fla. Dec. 10, 2019) (accepting amicus brief from public interest organizations who were "experts" in the relevant subject matter and where the court "will benefit from further briefing" by amicus) (quoting *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988).

Proposed Amici are nonprofit organizations dedicated to protecting the interests of consumers, and, collectively, they have expertise in the areas of consumer finance, consumer rights, and class action procedures.

The National Association of Consumer Advocates is a nonprofit consumer advocacy organization with a nationwide membership of attorneys who represent mortgage borrowers and homeowners. Members of NACA engage in litigation and legislative advocacy relating to the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1601, *et seq.* specifically, utilizing class action litigation pursuant to the Act to ensure homeowners do not lose their homes through illegal collection means.

NCLC is recognized nationally as an expert in consumer credit issues. For more than 50 years, NCLC has drawn on this expertise to provide information, legal research, policy analyses, and market insights to federal and state legislatures, administrative agencies, and the courts. NCLC also publishes a twenty-one volume Consumer Credit and Sales Legal Practice Series. Many of these volumes address consumer protection issues regarding mortgage lending and servicing, as well as class action litigation including, *inter alia*, *Mortgage Lending*, *Mortgage Servicing & Loan Modifications*, *Home Foreclosures*, and *Consumer Class Actions*. A major focus of NCLC's work is to increase public awareness of unfair and deceptive practices perpetrated against low-income and elderly consumers, and to promote protections against such practices. NCLC frequently

appears as *amicus curiae* in consumer law cases before trial and appellate courts throughout the country. NCLC has an interest in seeking strong and effective enforcement of consumer protection laws.

Public Citizen is a nonprofit consumer advocacy organization with members in all fifty states. Founded in 1971, Public Citizen appears before Congress, administrative agencies, and the courts on a wide range of issues and works for enactment and enforcement of laws protecting consumers, workers, and the public. Public Citizen has advocated before Congress and the Consumer Financial Protection Bureau for legal protections for borrowers and has appeared as amicus curiae on cases concerning these issues. In addition, Public Citizen believes that the interests of both named and absent class members, defendants, the judiciary, and the public at large are best served by adherence to the principles incorporated in Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Public Citizen has appeared as amicus in many cases concerning class actions and class-action settlements.

## MEET AND CONFER CERTIFICATE PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)

I, Nandan M. Joshi, HEREBY CERTIFY that I conferred with all parties or nonparties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion or have made reasonable efforts to do so. Specifically, October 1, 2020, I advised counsel for the plaintiffs, counsel for the defendants, and counsel for proposed intervenors by email of movants' intent to file this motion and requested a reply by 1 p.m., October 2, 2020, indicating their clients' positions on the motion. Counsel for proposed intervenors Lawrence Torliatt, Lisa Bardak, Melbourme Poff, Ursula Williams and Class Member Intervenors Stephanie Hendricks, Anita Barrow and Tammie Woolbright, and counsel for proposed intervenor Matthew Thompson, have responded that do not oppose this motion. Counsel for defendants do not consent

to this motion.

At approximately half past five in the evening of October 1, I received a call from plaintiffs' counsel. During the call, I informed plaintiff's counsel of the topics that the proposed amicus brief would address. Plaintiffs' counsel requested an opportunity to have an additional conversation with proposed amici to convey the plaintiffs' views on the proposed settlement and requested that proposed amici delay filing this motion until that conversation could occur. I advised plaintiffs' counsel that amici sought to file their motion on October 2 to ensure that this Court had a timely opportunity to consider the proposed amicus brief in deciding whether to grant plaintiffs' motion for preliminary approval of the class action settlement. Later in the evening of October 1, I emailed plaintiffs' counsel to propose a time for amici and plaintiffs' counsel to meet by teleconference on October 2. Plaintiffs' counsel was unavailable to meet at the proposed time and proposed a meeting on October 5 or 6. I responded that amici remained interested in filing this motion on October 2 and proposed an alternative meeting time earlier in the day on October 2. I received no response to my final proposal.

Dated: October 2, 2020.

Respectfully submitted,

/s/ Paul Turner
Paul D. Turner (113743) pturner@pbyalaw.com
Oliver M. Birman (123750) obirman@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT
200 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
T: (954) 566-7117 / F: (954) 566-7115

Nandan M. Joshi*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
*Pro hac vice admission pending
*Attorneys for National Association of Consumer Advocates, National Consumer Law Center, and Public Citizen*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 2, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          */s/ Paul Turner*
                                          Paul D. Turner (113743)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 20-60633-CIV-SMITH

VINCENT J. MORRIS, STEVEN
SIMMONS, YOLANDA UPTON, and
MICHAEL LUZZI, on behalf of themselves
and all others similarly situated,

   Plaintiffs,

v.

PHH MORTGAGE CORPORATION d/b/a
PHH MORTGAGE SERVICES, on its own
behalf and as successor by merger to OCWEN
LOAN SERVICING, LLC, a New Jersey
Corporation, and OCWEN LOAN
SERVICING, LLC, a Florida Limited
Liability Company,

   Defendants.
_____/

## [PROPOSED] ORDER

The motion of National Association of Consumer Advocates, National Consumer Law Center, and Public Citizen to file a brief of amici curiae in response to plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class (ECF 46) is GRANTED.

DONE and ORDERED in chambers, at Fort Lauderdale, Florida, on this ___ day of October, 2020.

               _____
               THE HON. RODNEY SMITH
               UNITED STATES DISTRICT COURT JUDGE

Copies to: All counsel of record