

FILED BY ___ D.C.
DEC 11 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA
BUREAU CHIEF
CONSUMER FRAUDS & PROTECTION BUREAU

<u>Via Overnight</u>

December 10, 2020

U.S. District Court Clerk for the Southern District of Florida
U.S. Federal Building & Courthouse
299 East Broward Boulevard
Room 108
Fort Lauderdale, FL 33301

    Re:   Notice of Filing in *Morris v. PHH Mortgage Corporation*, 20-cv-60633, S.D. Fl. (RS)

Dear Court Clerk,

The Attorneys General of Minnesota and New York would like to file the attached letter (*see* Exhibit A) in *Morris v. PHH Mortgage Corporation*, 20-cv-60633, S.D. Fl. (RS) in accordance with the Class Action Fairness Act. *See* 28 USC § 1715.

As neither of the Assistant Attorney Generals are admitted in the Southern District of Florida, we are in the process of engaging local counsel.

If you have any questions, I can be reached by email (ElizabethM.Lynch@ag.ny.gov) or on my cell phone (718) 490-3836.

Thank you.

    Sincerely,
    <u>/s/ Elizabeth M. Lynch</u>
    Elizabeth M. Lynch
    Assistant Attorney General
    Bureau of Consumer Frauds and Protection
    28 Liberty Street
    New York, New York 10005
    ElizabethM.Lynch@ag.ny.gov
    (212) 416-6314

# EXHIBIT A

 

**LETITIA JAMES**
ATTORNEY GENERAL
STATE OF NEW YORK

**KEITH ELLISON**
ATTORNEY GENERAL
STATE OF MINNESOTA

December 10, 2020

The Honorable Rodney Smith
U.S. Federal Building & Courthouse
299 East Broward Boulevard
Courtroom 310B, Chambers 310A
Fort Lauderdale, FL 33301

Re:   Intent to File Motion for Leave to File an Amicus – Request for Time
      *Morris v. PHH Mortgage Corporation*, 20-cv-60633 (S.D. Fl.)

Dear Judge Smith:

The Attorneys General of Minnesota and New York write to inform you of their intention to file a motion seeking leave to file an *amicus curie* brief in the above-referenced action and to request that you do not mark the motion for preliminary approval as fully submitted until we file our motion for leave to file an *amicus*. We request that the Court grant us to January 29, 2021 to file this motion.

As you know, the Class Action Fairness Act ("CAFA") accords Attorneys General the unique role of reviewing and addressing the fairness of class action settlements. CAFA requires parties to provide information to the Attorneys General about the proposed settlement before the fairness hearing. 28 USC § 1715(b). This provision "is intended to combat the 'clientless litigation' problem by adding a layer of independent oversight" and permitting Attorneys General to object to inequitable settlements. S. REP. NO. 109-14, at 29 (2005).

We have reviewed the motion for preliminary approval and have a number of concerns about the fairness and adequacy of the proposed class action settlement (ECF Doc. No. 46-1). In particular, we are concerned that the settlement will amend over 940,000 borrowers' mortgages to allow PHH Mortgage Corporation ("PHH") to charge fees that were not provided for or permitted by the original mortgage contract. In many states, such as New York, the statute of frauds requires modifications to the mortgage to be in writing and signed by both parties. *See* "In New York, the modification of a mortgage is 'subject to [the] statute of frauds and accordingly[ ] must be in writing to be enforceable and signed by the party to be charged.'" (quoting *Onewest Bank, FSB v. Davies*, No. 16638–11, 2013 WL 846573, at *5 (N.Y. Sup. Ct. Suff. Co. Feb. 22, 2013)); *see also* N.Y. GEN. OBL. LAW § 5-703. Similarly, Minnesota law requires a mortgage modification to be in writing and signed by both parties. *See* Minn. Stat. §

513.33, subds. 2 and 3; *NJK Holding Corp. v. The Araz Group, Inc.*, 878 N.W.2d 515, 518 (Minn. Ct. App. 2016) (upholding broad construction of what is considered a "credit agreement" such that a modification is required to be in writing).

Additionally, even if otherwise permitted, some states such as New York require that such fees be reasonably related to the cost of the services. *See* 3 NYCRR § 419.5. It does not appear that defendant PHH has made any such showing of reasonableness. PHH has also failed to show that the forms of payment subject to fees is in fact more expensive that the forms of payment that are not subject to fees. Finally, the amount awarded to the class appears minimal compared to the costs class members will incur through the mass amendment of the mortgage contracts.

We are also concerned about the speed at which the settlement was reached. The parties entered into a settlement less than six months from the filing of the initial complaint. Further, only a month before the proposed settlement, Plaintiffs amended their complaint to add a federal claim – the Fair Debt Collections Practices Act ("FDCPA") – to make this a national class action (ECF Doc. No. 11). However, Plaintiffs failed to amend the complaint to plead facts enough to show that any of the named Plaintiffs have an FDCPA claim, namely to plead that the loan was in default when PHH acquired it. Additionally, the settlement requires that all unclaimed settlement funds be "reverted" back to PHH, a provision we rarely see in class action settlements.

We request that this Court provide us until January 29, 2021 to file our motion for leave to file an *amicus*. Ordinarily, Attorneys General file objections *after* preliminary approval and before the fairness hearing. As a result, seeking leave to file an objecting *amicus before* the Court grants preliminary approval benefits the parties and the Court. Further, although Plaintiffs' CAFA letter is dated September 2, 2020 (ECF Doc. No. 51-1), our offices' CAFA departments did not receive this letter until the end of October. As we are not admitted into the Florida bar, the court rules require that we file our *Pro Hac Vice* motion with a local co-counsel. The additional time will allow us to locate a co-counsel. Finally, we believe that other Attorneys General offices may be interested in joining an *amicus*. The requested extension is necessary for us to coordinate with other concerned Attorneys General and allow time for them to review and comment on our proposed *amicus*.

Respectfully submitted,

| | |
|---|---|
| LETITIA JAMES<br>Attorney General of the State of New York | KEITH ELLISON<br>Attorney General of the State of Minnesota |
| By:    /s/ Elizabeth M. Lynch<br>         Elizabeth M. Lynch<br>         Assistant Attorney General<br>         Bureau of Consumer Frauds and Protection<br>         28 Liberty Street<br>         New York, New York 10005<br>         ElizabethM.Lynch@ag.ny.gov<br>         (212) 416-6314 | By:    /s/Mawerdi Hamid<br>         Mawerdi Hamid<br>         Assistant Attorney General<br>         Office of the Minnesota Attorney General<br>         Suite 1300<br>         445 Minnesota Street<br>         Saint Paul, MN 55101-2127<br>         mawerdi.hamid@ag.state.mn.us<br>         (651) 728-7096 |

This envelope is for use with the following services:

**UPS Next Day Air®**
**UPS Worldwide Express℠**
**UPS 2nd Day Air®**

Apply shipping documents on this side.

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

Visit **theupsstore.com** to learn more about our Print & Business Services.

st
n

mercial

ument.

. or less.
ht.

nic media
d cash

```
ELIZABETH M. LYNCH
(718) 490-3836
APT D53
6738 10TH ST
FOREST HILLS  NY 11375

              0.2 LBS LTR 1 OF 1
              SHP WT: LTR
              DATE: 10 DEC 2020

SHIP  US DISTRICT COURT CLERK S D.FLORIDA
TO:   US FEDERAL BUILDING & COURTHOUSE
      RM 108
      299 E BROWARD BLVD

      FORT LAUDERDALE FL 33301

      FL 333 0-04

UPS NEXT DAY AIR
TRACKING #: 1Z E38 075 01 1737 3873 1

BILLING: P/P
```

18H 13.00F ZZP 450 S9.5V 11/2020

Serving you for more than 100 years
United Parcel Service.



other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or
). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

01880250709   11/18   United Parcel Service