UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

VINCENT J. MORRIS, STEVEN
SIMMONS, YOLANDA UPTON, and
MICHAEL LUZZI, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

PHH MORTGAGE CORPORATION d/b/a
PHH MORTGAGE SERVICES, on its own
behalf and as successor by merger to OCWEN
LOAN SERVICING, LLC, a New Jersey
Corporation, and OCWEN LOAN SERVICING,
LLC, a Florida Limited Liability
Company,

        Defendants.

        CASE NO: 20-60633-CIV-SMITH

_____/

**RESPONSE TO LETTER TO THE COURT FROM ATTORNEYS GENERAL OF NEW YORK AND MINNESOTA**

    Plaintiffs and Defendants jointly file this response to the letter filed with the clerk by Elizabeth M. Lynch of the New York Attorney General's Office and Mawerdi Hamid of the Minnesota Attorney General's Office on December 10, 2020, seeking to further delay any decision on preliminary approval of the pending settlement. Doc. 98. Plaintiffs and Defendants respectfully oppose that request. Preliminary approval has been exhaustively briefed. The letter filed by these new proposed *amici* identifies no new argument relevant to preliminary approval that has not already been addressed in the numerous briefs already on file with the Court. The purpose of preliminary approval is to allow class members to speak for themselves on the desirability of the settlement. While further delay is no doubt the goal of counsel for the existing Intervenors, who

continue to press ahead with their competing class actions while doing everything they can to delay this one, further delay is not in the best interests of the class.

The letter filed by these new *amici* on the day before briefing of the Intervenors' objections is set to conclude is a restatement of what Intervenors have already argued. This is not the first time new *amici* and intervenors have appeared at the close of final briefing on preliminary approval. Indeed, the same thing happened the last time preliminary approval briefing was about to close. *Compare* Doc. 72 ("Motion of Proposed Amici Curiae National Association of Consumer Advocates, National Consumer Law Center, and Public Citizen for Leave to File an Amicus Brief in Response to the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class," filed on Friday, October 2, 2020) *with* Doc. 58 (setting Monday, October 5, 2020 as the deadline for proposed intervenors Torliatt, Bardak, and Williams to file their reply brief in response to Court's "show cause" order). Delay to allow the same issues to be briefed yet again does not benefit the class or the Court, but instead, is delay for the sake of delay.

The proposed *amici* will have a full and fair opportunity to be heard after preliminary approval and before the final fairness hearing, per the normal procedure, as they acknowledge in their letter. *See* Doc. 98 at 4 ("Ordinarily, Attorneys General file objections *after* preliminary approval and before the fairness hearing."). Proposed *amici* do not explain <u>how</u> upsetting this "ordinary" procedure benefits consumers or the Court; instead they offer only that "seeking leave to file an objecting *amicus before* the Court grants preliminary approval benefits the parties and the Court." *Id*. Indeed, waiting until after class members have a chance to be heard to conduct an in-depth inquiry on the fairness of the settlement preserves the well-defined structure of Rule 23. *Saccoccio v. JPMorgan Chase Bank, N.A.*, 297 F.R.D. 683, 694 (S.D. Fla. 2014) ("'[T]he reaction

of the class is an important factor' in determining whether to grant final approval."); *Gonzalez v. TCR Sports Broad. Holding, LLP*, 2019 WL 2249941, at *5 (S.D. Fla. May 24, 2019) (same). Just as class members' intervention before preliminary approval threatens Rule 23's process for raising substantive objections (Doc. 65 at 10–11), so too does filing an *amicus* brief at this stage. If an *amicus* brief is of value to the Court in evaluating the merits of the settlement, it ordinarily should be considered after preliminary approval, along with any objections of any putative class member, not in an effort to prevent class members from speaking for themselves.

While accepting an *amicus curiae* brief is a matter of court discretion, the ultimate touchstone is whether the *amicus* is helpful to the court by adding something new to the briefing. *See, e.g.*, *United States v. Santiago-Ruiz*, 2017 WL 11454398, at *2 (S.D. Fla. Dec. 4, 2017) ("Courts typically grant amicus status where the party contributes to the court's understanding of the matter in question by proffering timely and useful information.") (internal quotation omitted); *Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1359 (M.D. Ala. 1994) (approving participation of *amicus curiae* where the proposed amicus "can continue to bring to this litigation a helpful neutral and national perspective"). Where "extensive briefing" has already been submitted, an *amicus* submitting similar arguments generally will not add anything meaningful to the case. *See, e.g.*, *Maples v. Thomas*, 2013 WL 5350669, at *1 (N.D. Ala. Sept. 23, 2013) (finding "the amici's proposed briefs, while skillfully written, will not be helpful in this case because they cover arguments already discussed in the briefs of the parties"); *see also* Doc. 79 at 4–6. In such situations, "leave to file an *amicus curiae* brief should be denied." *Jin*, 557 F. Supp. 2d at 137 (internal quotation omitted).

Just like the earlier *amici*, proposed *amici* have not met this standard. They seek leave to repeat arguments Intervenors have already made, such as (1) notes should not be amended *en*

*masse* as part of a class settlement (*compare* Doc. 72-2 at 2, 5-6, Doc. 58 at 6, Doc. 66 at 4-5, *and* Doc. 67 at 3–4 *with* Doc. 98 at 3); (2) that the settlement should not "legalize" fees that Plaintiffs have alleged to be illegal (*compare* Doc. 72 at 1, Doc. 72-2 at 2–3, Doc. 48 at 1–2, Doc. 57 at 3 n.2, 4–5, Doc. 66 at 5, Doc. 67 at 3, *and* Doc. 71 at 1–2 *with* Doc. 98 at 3); (3) the note amendment violates the statute of frauds (*compare* Doc. 67 at 4 *with* Doc. 98 at 3-4); (4) the fee charged by Defendant is not reasonably related to the cost of services (*compare* Doc. 67 at 4-5 *with* Doc. 98 at 4); (5) the amount to be received by the class members is not sufficient (*compare* Doc. 72-2 at 4, Doc. 48 at 2, *and* Doc. 57 at 3 *with* Doc. 98 at 4); (6) the speed of the settlement is somehow worrisome (*compare* Doc. 72-2 at 9, Doc. 67 at 5, *and* Doc. 57 at 4-5 *with* Doc. 98 at 4); and (7) the "reverter" provision renders the settlement illegitimate (*compare* Doc. 72-2 at 10, Doc. 58 at 7, Doc. 66 at 5, Doc. 67 at 6, *and* Doc. 71 at 1 *with* Doc. 98 at 4).  The putative class members who have intervened have already presented each of these arguments.  But these objections are best considered in the normal course under Rule 23: after preliminary approval, when the entire settlement class will have been notified and have an opportunity to be heard in the discussion about the terms.  *See* Doc. 92 (order denying motion for leave to file *amicus* brief by earlier proposed *amici*).

Furthermore, contrary to the state Attorneys General's claims that the fees are illegal, just yesterday Intervenors' counsel lost yet another convenience fee class action when a Maryland federal court found that convenience fees for purely optional expedited payment methods are ***not*** illegal, regardless of whether they are mentioned in the underlying note.  *Austin v. Lakeview Loan Servicing, LLC*, 2020 WL 7256564, at *4 (D. Md. Dec. 10, 2020).  The majority of Florida's federal judges have held also that these fees are perfectly legal, even where not expressly authorized by the note. Doc. 65 at 7–8 n.2.

4

This proposed settlement has been pending for four months. The Court has allowed multiple rounds of briefing already. Further briefing and argument on the ultimate merits of the settlement should be deferred until class members have a chance to speak for themselves after receiving the notice contemplated by the proposed settlement. To allow them that opportunity, preliminary approval, not further delay, is the appropriate next step.

Dated: December 11, 2020

Respectfully submitted,

*/s/ Timothy A. Andreu*
Timothy A. Andreu (Fla. Bar No. 443778)
tandreu@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, FL 33602
P: (813) 559-5500
F: (813) 229-5946

Michael R. Pennington (*pro hac vice*)
mpennington@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 Fifth Avenue North
Birmingham, AL 35203
P: (205) 521-8000
F: (205) 521-8800

*Attorneys for Defendants*

*/s/ Adam M. Moskowitz*
Adam M. Moskowitz (Fla. Bar No. 984280)
adam@moskowitz-law.com
Howard M. Bushman (Fla. Bar No. 0364230)
howard@moskowitz-law.com
Joseph M. Kaye (Fla. Bar No. 117520)
joseph@moskowitz-law.com
Barbara C. Lewis (Fla. Bar No. 118114)
barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza

Suite 601
Coral Gables, FL 33134
P: (305) 740-1423

*/s/ Josh Migdal*
Josh Migdal (Fla. Bar No. 19136)
josh@markmigdal.com
Yaniv Adar (Fla. Bar No. 63804)
yaniv@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
P: (305) 374-0440

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2020, I caused a copy of the foregoing document to be filed electronically with the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.

                                              */s/ Timothy A. Andreu*
                                              *Attorney for Defendants*