UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-CV-60633 SMITH

VINCENT J. MORRIS, STEVEN SIMMONS,
YOLANDA UPTON, and MICHAEL LUZZI, on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

v.

PHH MORTGAGE CORPORATION d/b/a PHH
MORTGAGE SERVICES, on its own behalf and as
successor by merger to OCWEN LOAN
SERVICING, LLC, a New Jersey Corporation, and
OCWEN LOAN SERVICING, LLC, a Florida
Limited Liability Company,

      Defendants.
_____

**NOTICE OF MOTION OF PROPOSED AMICI CURIAE ATTORNEYS GENERAL OF ALASKA, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, HAWAII, IDAHO, ILLINOIS, INDIANA, IOWA, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEBRASKA, NEVADA, NEW HAMPSHIRE, NEW MEXICO, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, VIRGINIA, WASHINGTON, AND WEST VIRGINIA FOR LEAVE TO FILE AN AMICUS BRIEF IN RESPONSE TO THE MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS**

Pursuant to Fed. R. Civ. P. 7 and Local Rule 7.1, the Attorneys General of Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and West Virginia ("Attorneys General") respectfully move for leave to file the accompanying "Brief of *Amici Curiae* in Opposition to

Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class" (appended hereto as Exhibit B) and the accompany Declaration of Sarah Petrie (appended hereto as Exhibit C). Plaintiffs and Intervenors do not oppose the filing of this brief. While Defendants do not affirmatively consent to the Attorneys General's motion, Defendants do not oppose if certain conditions are met (*see* Exhibit D for these conditions).

On or around December 11, 2021, the Attorneys General of Minnesota and New York filed a letter with the Court stating our intent to file the instant motion (ECF Doc. 98) which the Court acknowledged and provided us until January 29, 2021 to file the motion (Docket Entry 111).

WHEREFORE, *Amici Curiae* request that their Motion for Leave to file the accompanying *amicus* brief be granted.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE

When considering a motion for leave to file an *amicus* brief, courts evaluate whether it "will aid in the determination of the motions at issue." *James Square Nursing Homes, Inc. v. Wing*, 897 F. Supp. 682, 683 & n.2 (N.D.N.Y. 1995) *aff'd*, 84 F.3d 591 (2nd Cir. 1996). "Although there is no precise rule in the Federal Rules of Civil Procedure governing the submissions of briefs by *amici curiae*, it is accepted that it is within the Court's inherent authority to allow such filings." *Lathrop v. Unidentified, Wretched & Abandoned Vehicle,* 817 F. Supp. 953, 961 n. 10 (M.D. Fla. 1993).

District courts have discretion "to determine the fact, extent, and manner of participation by the amicus." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988). *Amici curiae* should be permitted to participate in litigation where such participation benefits the court, including by providing "unique information or perspective that can help the court beyond help that lawyers for parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

A significant portion of the class members  - 76% - are residents of the States that join this *amicus* brief. As part of their law enforcement responsibilities, the Attorneys General investigate and bring enforcement actions on behalf of the citizens of their respective states. The Attorneys General therefore have relevant and unique experience in responding to violations of consumer law and requesting appropriate remedies. Additionally, under the Class Action Fairness Act, 28 U.S.C. § 1715, the Attorneys General perform a unique role by addressing the fairness of a proposed settlement in class action cases.

The Attorneys General respectfully request the Court grant their motion for leave to file the attached amicus brief to address concerns about the proposed class action settlement. The parties' motion for preliminary approval of the settlement seeks an unwritten, mass amendment to over 650,000 mortgage contracts to charge the very fees which are alleged in this case to be illegal, excessive, and unnecessary. The amicus brief demonstrates that the proposed settlement is not fair, reasonable, or adequate.

The amicus brief from the Attorneys General provides information about the impacts to states which would result from the proposed settlement to help the court evaluate its appropriateness. Accordingly, the Attorneys General respectfully request that the Court grant this motion for leave to file their amicus brief.

**MEET AND CONFER CERTIFICATE PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)**

I, Mawerdi A. Hamid, HEREBY CERTIFY that I conferred with all parties or nonparties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion or have made reasonable efforts to do so. Specifically, I participated in a video conference with counsel for Plaintiffs and Defendants on January 22, 2021 at which time I advised that the Attorneys General would file this motion and an accompanying amicus brief by

January 29, 2021.  During the video conference, Plaintiffs' counsel stated that Plaintiffs did not object to this filing by the Attorneys General.  On January 25, 2021, Intervenors' counsel stated in an email that they did not object to this filing by the Attorneys General.  On January 26, 2021, Defendants' counsel indicated that while Defendants do not affirmatively consent to the Attorneys General's motion, Defendants would not oppose it if certain conditions are met (see Exhibit D for these conditions).

Dated:  January 29, 2021               Respectfully submitted,

                                                        KEITH ELLISON
Attorney General
State of Minnesota

/s/ *Mawerdi A. Hamid*
MAWERDI A. HAMID
Assistant Attorney General
Atty. Reg. No. 0393130
(*admitted in the S.D.Fl via pro hac vice, ECF Doc. 107*)
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1452 (Voice)
(651) 297-8265 (Fax)
mawerdi.hamid@ag.state.mn.us

Submitted by:

ASHLEY B. MOODY
ATTORNEY GENERAL

s/ Christopher Sutter
Christopher Sutter (Fla. Bar No. 422215)
(Special Bar Number A5502502 )
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 Southeast Sixth Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702

Christopher.Sutter@myfloridalegal.com

CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, I electronically filed the foregoing with CM/ECF, which will send notification to all counsel of record.

| | |
|---|---|
| Adam M. Moskowitz (Fla. Bar No. 984280) <br> adam@moskowitz-law.com <br> Howard M. Bushman (Fla. Bar No. 364230) <br> howard@moskowitz-law.com <br> Joseph M. Kaye (Fla. Bar No. 117520) <br> joseph@moskowitz-law.com <br> Barbara C. Lewis (Fla. Bar No. 118114) <br> barbara@moskowitz-law.com <br> **THE MOSKOWITZ LAW FIRM, PLLC** <br> 2 Alhambra Plaza <br> Suite 601 <br> Coral Gables, FL 33134 <br> Telephone: (305) 740-1423 <br> *Attorneys for Plaintiff and the Class* | Timothy A. Andreu (Fla. Bar No. 443778) <br> Tandreu@bradley.com <br> Diana N. Evans (Fla. Bar No. 98945) <br> Dnevans@bradley.com <br> **Bradley Arant Boult Cummings LLP** <br> 100 North Tampa Street, Suite 2200 <br> Tampa, FL 33602 <br> P: (813) 559-5500 <br> F: (813) 229-5946 <br> *Attorneys for PHH Mortgage Corporation* |

/s/    Christopher Sutter
Assistant Attorney General
Fla. Bar 0422215