EXHIBIT

1

| State | Class Members | % of Total | Statute of Frauds Cite | Modifications/Amendments Citation |
|---|---|---|---|---|
| AK | 1,344 | 0% | Alaska Stat. § 09.25.010 | *A & G Const. Co., Inc. v. Reid Bros. Logging Co., Inc.* , 547 P.2d 1207, 1217 (Alaska 1976) (discussing that modification must be in writing if original contract falls within Statute of Frauds) |
| AL | 13,209 | 1% | Ala. Code. § 8–9–2 | *Mortensen v. MERS* , No. 09–0787–WS–N, 2010 WL 5376332, at *6 (S.D. Ala. Dec. 23, 2010) ("No such written agreement exists that would alter the terms of Mortensen's mortgage or promissory note obligations; therefore, defendants are correct that plaintiff's contract claims concerning an alleged agreement to modify the mortgage loan fail as a matter of law for nonconformity with the Statute of Frauds.") |
| AR | 7,164 | 1% | Ark. Code Ann. § 4-59-101 | *Shumpert v. Arko Tel. Commc'ns, Inc.* , 318 Ark. 840, 843 n.1 (Ark. 1994) (In Arkansas, "the general rule is that a material modification of a contract within the Statute of Frauds must be in writing in order to be valid and binding. Such a contract cannot be modified in essential parts by parol agreement so as to be valid against a plea of invalidity under the Statute of Frauds.") |
| AZ | 19,708 | 2% | Ariz. Rev. Stat. § 44-101 | *Leavitt v. Wells Fargo Bank, N.A* ., No. CV–09–214–PHX–JAT, 2009 WL 1178708, at *2 (D. Ariz. May 1, 2009) ("In Arizona, a mortgage is an interest in real property for purposes of the Statute of Frauds. A mortgage loan agreement must therefore be in writing and signed to be enforceable. A modification to the material terms of a mortgage loan must also be in writing and signed by the party to be charged.") (citation omitted) |
| CA | 167,235 | 18% | Cal. Civ. Code §§ 1624(a)(6), 1698(c) | *Dougherty v. Bank of America, N.A.* , 177 F. Supp. 3d 1230, 1248 (E.D. Cal. 2016) ("An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds' and so must be in writing.") (quoting *Secrest v. Sec. Natl Mortg. Loan Trust 2002–2* , 167 Cal. App. 4th 544, 553 (Cal. Ct. App. 2008)) |

| | | | | |
|---|---|---|---|---|
| CO | 9,431 | 1% | Colo. Rev. Stat. § 38-10-108 | *Burnford v. Blanning*, 540 P.2d 337, 340 (Colo. 1975) ("We recognize the broad general rule that a contract for the sale of land required to be in writing cannot be validly changed or modified as to a material condition (I.e., purchase price), by a subsequent oral agreement, without more, so as to make the original written agreement, as orally modified, an enforceable obligation.") |
| CT | 17,264 | 2% | Conn. Gen. Stat. § 52–550(a) | *Halkiotis v. WMC Mortgage Corp*., 144 F. Supp. 3d 341, 356 (D. Conn. 2015) ("Because Halkiotis's Mortgage Agreement falls within the statute of frauds — under both Conn. Gen. Stat. §§ 52–550(a)(4) and 52–550(a)(6) — any agreement modifying the terms of his loan could not have effect unless it was memorialized in writing.") |
| DC | 1,622 | 0% | D.C. Code § 28–3502 | *Curry v. Bank of America Home Loans Servicing*, 802 F. Supp. 2d 105, 109–10 (D.D.C. 2011) ("The statute of frauds governs not only original contracts for land, but also oral modifications to written contracts.") |
| DE | 4,110 | 0% | Del. Code Ann. tit. 6 § 2714 | Ct. Jan. 11, 2012) ("[T]he statute of frauds bars an oral modification of a contract or document related to real estate, including a mortgage") (citing *Quillen v. Sayers*, 482 A.2d 784, 787 (Del. 1984)); *Marta v. Mutual Life Ins. Co. of New York*, 887 F.Supp. 722, 726 (D.Del. 1995) ("[T]he transaction...including the alleged oral modification, must be in writing in order to be enforceable under Delaware law, absent the applicability of an exception which would allow this Court to enforce it |
| FL | 80,246 | 9% | Fla. Stat. §§ 687.0304, 725.01 | *Brake v. Wells Fargo Financial System Florida, Inc*., No. 8:10–CV–338–T–33TGW, 2011 WL 6719215, at *7 (M.D. Fla. Dec. 5, 2011) (A promise to "modify the mortgage loan on more favorable terms is a credit agreement subject to Florida's banking statute of frauds . . . Therefore, in order to be actionable, its terms must be in a signed writing.") |

| | | | | |
|---|---|---|---|---|
| GA | 26,330 | 3% | Ga. Code Ann. § 13-5-30 | *White v. BAC Home Loans Servicing, LP*, No. 2:10–CV–0119–RWS, 2011 WL 4479299, at *6 (N.D. Ga. Sept. 26, 2011) (Under Georgia law, "mortgage loan agreements fall within" the statute of frauds, and "[w]hen a contract is required by the Statute of Frauds to be in writing, any modification of the contract must also be in writing." (quoting *Walden v. Smith*, 546 S.E.2d 808, 810 (Ga. Ct. App. 2001)) |
| GU | 30 | 0% | 21 Guam Code Ann. § 4101 | *Matter of Guardianship of Moylan*, 2017 Guam 28 ¶ 20, 2017 WL 6628261, at *5 (Guam 2017) ("[A] claim of estoppel will not operate to remove a case from a Statute of Frauds where the promise relied upon is the very promise that the Statute declares unenforceable if not in writing.") (quotation omitted) |
| HI | 4,095 | 0% | Haw. Rev. Stat. § 656-1 | *Schwartz v. Bank of America, N.A.*, No. 12-00525 KSC, 2013 WL 12132074, at *4 (D. Haw. May 7, 2013) (Under Hawaii law, "[m]ortgages are subject to the statute of frauds, as are loan modification agreements."); *McIntosh v. Murphy*, 469 P.2d 177, 181 (Haw. 1970) ("[t]here is considerable discretion for a court to implement the true policy behind the Statute of Frauds, which is to prevent fraud or any other type of unconscionable injury.") |
| IA | 3,171 | 0% | Iowa Code §§ 535.17, 622.32 | *First American Bank v. Urbandale Laser Wash, LLC*, 874 N.W.2d 650, 654-55 (Iowa Ct. App. 2015) (modification to a credit agreement generally unenforceable "unless a writing exists containing the material terms of the modification and is signed by the party against whom enforcement is sought") (quoting Iowa Code § 535.17(2)); *see also First American Bank v. Johnson*, 2020 WL 5650604, at *5 (Iowa Ct. App. 2020) ("The district court found no meeting of the minds to form a forbearance agreement occurred and that any alleged tentative agreement failed to meet the requirements of Iowa Code section 535.17(2) (2019).") (citing *Urbandale Laser Wash, LLC*, 874 N.W.2d at 655) |
| ID | 4,908 | 1% | Idaho Code Ann. § 9–505 | *Washington Federal Sav. v. Van Engelen*, 289 P.3d 50, 55 (Idaho 2012) ("Modifications to a contract may fall within the statute of frauds.") |
| IL | 40,043 | 4% | 740 Ill. Comp. Stat. § 80/2 | *Jayson Investments, Inc. v. Kemp*, 746 F. Supp. 807, 814 (N.D. Ill. 1990) ("Ordinarily, contracts which modify the interests of the parties in real estate must be in writing to be enforceable under the statute of frauds.") |

| | | | | |
|---|---|---|---|---|
| IN | 23,681 | 3% | Ind. Code Ann. § 32-21-1-1 | *Woodall v. Citizens Banking Co* ., 507 N.E.2d 999, 1000 (Ind. Ct. App. 1987) ("[M]ortgages and agreements to execute mortgages are required to be in writing."); Zusy v. International Medical Group, Inc., 500 F. Supp. 2d 1087, 1096 (S.D. Ind. 2007) ("Indiana courts have held that when a contract affected by the statute of frauds has been put in writing, and afterwards orally modified, such modified agreement is also within the statute.") (quoting *Ward v. Pott* s, 228 Ind. 228, 91 N.E.2d 643, 645 (1950)) |
| KS | 1,456 | 0% | Kan. Stat. Ann. §§ 33-105, 33-106 | *Riffel v. Dieter* , 157 P.2d 831, 838 (Kan. 1945) ("[I]f the original contract is required to be in writing in order to be enforceable, any substantial modification of the contract must likewise be in writing and signed by the party to be charged therewith."); *see also Cooper v. Re-Max Wyandotte County Real Estate, Inc.,* 736 P.2d 900, 906 (Kan. 1987) ("It is clear to us that under established law, an oral agreement made in connection with a written contract for the sale of real estate, whereby the buyer agrees to build only a particular type of building on the premises, creates an interest in real estate and falls within the statute of frauds.") |
| KY | 10,539 | 1% | Ky. Rev. Stat. Ann. § 371.010(6) | *Fifth Third Bank v. Waxman* , 726 F. Supp. 2d 742, 752 (E.D. Ky. 2010) (The Kentucky Supreme Court has "recognized that subsequent agreements that materially alter the terms of agreements within the statute of frauds must also meet the statute of frauds' writing requirement.") (citing *Farmers Bank & Trust Co. of Georgetown, Ky. v. Willmott Hardwoods, Inc.* , 171 S.W.3d 4 (Ky. 2005)) |
| LA | 7,366 | 1% | La. Stat. Ann. §§ 6:1121, 6:1122 | *Plummer v. EverBank* , 195 So.3d 693, 701 (La. Ct. App. 2016) ("[O]ral agreements to modify a loan are unenforceable.") |
| MA | 25,056 | 3% | Mass. Gen. Laws ch. 259, § 1 | *Korinko v. Wells Fargo Home Mortgage* , 2020 WL 7022456, at *2 (D. Mass. 2020) ("[T]here are only limited factual circumstances in which an agreement may be orally modified in the face of the Statute of Frauds.  An oral modification which substantially changes the parties' obligations is not exempt from the statute of frauds.") (discussing purported modification to promissory note) (citations and quotations omitted) |

| | | | | |
|---|---|---|---|---|
| MD | 20,003 | 2% | Md. Code Ann., Real Prop. § 5-104 | *Collings v. MGC Mortgage, Inc* ., MAB 14-CV-02973, 2016 WL 9724969, at *6 (D. Md. Jan. 28, 2016) ("Maryland courts have held that mortgage contracts are subject to the Maryland Statute of Frauds such that an oral agreement or an oral modification to an existing mortgage contract is not enforceable.") |
| ME | 5,089 | 1% | Me. Rev. Stat. Ann. tit. 33 § 51 | *Wilson v. DelPapa* , 634 A.2d 1252, 1254 (Me. 1993) ("The Statute of Frauds bars enforcement of certain contracts unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized.") |
| MI | 30,628 | 3% | Mich. Comp. Laws § 566.132 | *Trombley v. Seterus Inc.,* 614 Fed. Appx. 829, 833–34 (6th Cir. 2015) (Applying Michigan law, "[s]tate and federal courts . . . have consistently held that an action to enforce a mortgage modification lacking an authorized signature was barred under the statute of frauds.") (although *Morris v PHH* might not fall under Mich. Comp. Laws § 566.132(2)(b), other statutory provisions may apply) |
| MN | 17,152 | 2% | Minn. Stat. § 513.33, subds. 2 and 3 | *NJK Holding Corp. v. The Araz Group, Inc.* , 878 N.W.2d 515, 518 (Minn. Ct. App. 2016) (upholding broad construction of what is considered a "credit agreement" such that a modification is required to be in writing) |
| MO | 5,280 | 1% | Mo. Ann. Stat. § 432.010 | *Holt v. Story* , 642 S.W.2d 394, 396 (Mo. Ct. App. 1982) ("If a contract is subject to the statute of frauds, any modification of that contract must also be in writing.") |
| MS | 6,319 | 1% | Miss. Code Ann. § 15-3-1 | *Thompson v. First American Nat. Bank* , 19 So.3d 784, 787 (Miss. Ct. App. 2009) ("A modification of a contract within the statute of frauds must also be in writing.") (citing *Canizaro v. Mobile Commc'ns Corp. of Am* ., 655 So.2d 25, 29 (Miss. 1995)) |

| | | | | |
|---|---|---|---|---|
| MT | 2,676 | 0% | Mont. Code Ann. §§ 28-2-1602, 71-1-203 | *Bank of America, N.A. v. Alexander* , 386 Mont. 305, 313 (Mont. 2017) ("An oral agreement to modify a loan falls within the statute of frauds and requires that the modification be in writing.") |
| NC | 7,641 | 1% | N.C. Gen. Stat. Ann. § 22-2 | ("When the original agreement comes within the Statute of Frauds, subsequent oral modifications of the agreement are ineffectual.") |
| ND | 1,141 | 0% | N.D. Cent. Code § 9-06-04 | *Irish Oil and Gas, Inc. v. Riemer* , 794 N.W.2d 715, 728 (N.D. 2011) (discussing availability of Statute of Frauds defense to contract claims) |
| NE | 2,914 | 0% | Neb. Rev. Stat. § 36-105 | *Fast Ball Sports, LLC v. Metropolitan Entertainment & Convention Authority* , 835 N.W.2d 782, 792 (Neb. Ct. App. 2013) ("If there is no signed contract, a party seeking to overcome the statute of frauds must proffer a writing, signed by the opposing party, detailing the terms and conditions of their promises.") |
| NH | 6,499 | 1% | N.H. Rev. Stat. Ann. § 506:1 | *Langdon v. Sibley* , 100 N.H. 373, 376 (N.H. 1956) ("By the weight of authority, a parol agreement to modify a written agreement violates the statute of frauds and is unenforceable."). |
| NJ | 13,545 | 1% | N.J. Stat. Ann. §§ 25:1-5(f) | *Heyman v. Citimortgage, Inc* ., No. 14-1680-KM-MAH, 2019 WL 2642655, at *22 (D. N.J. June 27, 2019) ("New Jersey law requires a writing signed . . . if a loan exceeds $100,000. That requirement of a writing applies to a loan modification.") |
| NM | 5,724 | 1% | | *In re Borges* , 510 B.R. 306, 325 (B.A.P. 10th Cir. 2014) ("New Mexico has adopted the statute of frauds as part of its common law. A mortgage is a conveyance of land and, as such, is within the statute of frauds."); *Wilburn v. Stewart* , 794 P.2d 1197, 1199 (N.M. 1990) ("parol evidence will not be allowed to vary the terms of an integrated agreement") |
| NV | 6,654 | 1% | Nev. Rev. Stat. Ann. § 111.220 | *Martin v. Bank of America* , No. 2:15-cv-0372-GMN-PAL, 2016 WL 2731670, at *3 (D. Nev. May 9, 2016) (Under Nevada Law, "it is well established that agreements to modify notes secured by deeds of trust are subject to the statute of frauds, and therefore are ineffective if not executed in writing.") |

| | | | | |
|---|---|---|---|---|
| NY | 74,193 | 8% | N.Y. Gen. Obl. Law § 5-703(2) | *In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 841 (Bankr. S.D.N.Y. 2014) ("In New York, the modification of a mortgage is 'subject to [the] statute of frauds and accordingly[ ] must be in writing to be enforceable and signed by the party to be charged.") (quoting *Onewest Bank, FSB v. Davies*, No. 16638–11, 2013 WL 846573, at *5 (N.Y. Sup. Ct. Suff. Co. Feb. 22, 2013)) |
| OH | 31,156 | 3% | Ohio Rev. Code § 1335.02(b) | *Phillips v. PNC Bank, NA*, No. 3:12–cv–207, 2012 WL 6114743, at *11 (S.D. Ohio Dec. 10, 2012) ("Under Ohio law, the statute of frauds requires all mortgage modifications, including the applicable interest rate, to be in writing in order to be enforceable.") |
| OK | 8,032 | 1% | Okla. Stat. Ann. § 136 | *Nickel v. Hinz*, 114 P.2d 449, 450 (Okla. 1941) ("[T]he oral contract, even if made as contended by the defendants, changed and modified the written contract, leaving the agreement for the purchase of the real estate resting partly in writing and partly in parol. Such an agreement is invalid under the statute.") |
| OR | 11,624 | 1% | Or. Rev. Stat. Ann. § 41.580(1)(f), (h) | *Hull v. Wells Fargo Bank, N.A*., No. 6:15-cv-01990-AA, 2016 WL 1271675, at * 5 (D. Or. March 28, 2016) (Under Oregon law, "[a]greements concerning real property and agreements to modify or amend the terms under which [a] person has lent money or otherwise extended credit are covered by the statute of frauds.") |
| PA | 39,457 | 4% | 33 Pa. Cons. Stat. § 1 | *In re Commonwealth Renewable Energy, Inc.*, 540 B.R. 173, 188 (Bankr. W.D. Pa. 2015) ("Pennsylvania case law holds that any agreement to modify a mortgage or refrain from enforcing its terms is subject to the statute of frauds and must be in writing.") |
| PR | 440 | 0% | P.R. Laws Ann. tit. 31, § 3453 | *MMB Development Group, Ltd. v. Westernbank Puerto Rico*, 762 F.Supp.2d 356, 367 (D. P.R. 2010) ("The statute of frauds is a form requirement. At one time a nearly universal figure in common law jurisdictions, the statute of frauds requires of litigants asserting the existence of a contract, that they proffer a written rendition of the agreement to the Court in order to bring claims arising therefrom. No writing equals no contract, with few exceptions. There is something of a statute of frauds in Puerto Rico, that sets a form requirement for certain contracts, which if not met, renders the agreement unenforceable in court...Generally, contracts for the conveyance of real property, wills, and powers of attorney among others, must be drafted in written form by a notary in order to be enforceable.") |

| | | | | |
|---|---|---|---|---|
| RI | 4,407 | 0% | R.I. Gen. Laws Ann. § 9-1-4 | *Koolen v. Beltway Capital Management, LLC* , No. 10–050S, 2011 WL 561131, at *4 (D.R.I. Jan. 3, 2011) ("Plaintiff has offered no plausible explanation as to why such a verbal arrangement would not be rendered unenforceable by the statute of frauds which generally requires that mortgage transactions be in writing to be enforceable."); *see also Bayview Loan Servicing, LLC v. Providence Business Loan Fund, Inc.* , 200 A.3d 153, 159 (R.I. 2019) ("the purported extension of the mortgage set forth in the modification agreement was ineffective to extend the life of the [] mortgage because the modification agreement was not recorded in the land evidence records...") |
| SC | 14,999 | 2% | S.C. Code Ann. § 32-3-10 | Carolina Statute of Frauds . . . requires that, to be legally enforceable, a promise to answer for the debt of another must be in writing and signed by the party to be charged. Generally, contracts required by the Statute of Frauds to be in writing cannot be orally modified.") |
| SD | 691 | 0% | S.D. Codified Laws § 53-8-2 | *Vander Heide v. Boke Ranch, Inc.* , 736 N.W.2d 824, 833 (S.D. 2007) ("Under the statute of frauds, an agreement for the sale of real estate or an interest therein is not enforceable unless the contract is in writing and signed by the party to be charged or his duly authorized agent...[a] contract subject to the statute of frauds cannot be modified by oral agreement.") (internal quotation omitted) |
| TN | 19,398 | 2% | Tenn. Code Ann. §§ 29–2–101(a), 47–2–209(3) | *LeBlanc v. Bank of America, N.A.* , No. 2:13–cv–02001–JPM–tmp, 2013 WL 3146829, at *11 (W.D. Tenn. June 18, 2013) ("Tennessee courts have interpreted mortgages and deeds of trust as an interest in land and[,] as such[,] within the meaning of the Statute of Frauds.") (citation omitted); Tenn. Code Ann. § 47–2–209(3) ("The requirements of the statute of frauds section of this chapter [§ 47-2-201] must be satisfied if the contract as modified is within its provisions.") |
| TX | 71,997 | 8% | Tex. Bus. & Com. Code § 26.01 | *Martins v. BAC Home Loans Servicing, L.P* ., 722 F.3d 249, 256 (5th Cir. 2013) (Under Texas law, "[a]n agreement regarding the transfer of the property or modification of a loan must . . . be in writing to be valid.") |

| | | | | |
|---|---|---|---|---|
| UT | 11,768 | 1% | Utah Code Ann. §§ 25-5-1, 25-5-3, 25-5-4 | *Needham v. Fannie Mae* , 854 F. Supp. 2d 1145, 1153 (D. Utah 2012) ("The rule is well settled in Utah that if an original agreement is within the statute of frauds, a subsequent agreement which modifies the original written agreement must also satisfy the requirements of the statute of frauds to be enforceable.") (quoting *Golden Key Realty v. Mantas* , 699 P.2d 730, 732 (Utah 1985)) |
| VA | 26,318 | 3% | Va. Code Ann. § 11–2(6) and (8) | *Condel v. Bank of America, N.A* ., No. 3:12CV212–HEH, 2012 WL 2673167, at *9 n.6 (E.D. Va. July 5, 2012) ("[A]ny modification of a mortgage agreement is not enforceable unless it is in writing.") (citing *Lindsay v. McEnearney Assocs* ., 531 S.E.2d 573, 575–76 (Va. 2000)) |
| VI | 127 | 0% | V.I. Code Ann. tit. 28, § 241 | *Milligan v. Khodra* , 46 V.I. 305, 318, 2004 WL 3383654, at *8 (D. V.I. 2004) ("[W]e interpret our statutory formalities as necessities...[a] contrary result would allow an estoppel theory to 'swallow' our statutory requirements, doing violence to the intent of the legislature.") |
| VT | 2,280 | 0% | Vt. Stat. Ann. tit. 12 § 181 | *Prue v. Royer* , 67 A.3d 895, 905 (Vt. 2013) ("modification of a contract within the Statute of Frauds must be written and signed to be enforceable") |
| WA | 10,330 | 1% | Wash. Rev. Code Ann. § 64.04.010 | *Algaier v. CMG Mortg., Inc.* , No. 13–CV–0380–TOR, 2014 WL 3965180, at *7 (E.D. Wash. Aug. 13, 2014) (Under Washington law, "the statute of frauds requires that agreements relating to an interest in real property, including mortgages, be in writing and signed by the party to be charged.") |
| WI | 12,378 | 1% | Wis. Stat. Ann. §§ 706.001, 706.02, 402.209 | *Belisle v. Belisle* , No. 01–0748–FT, 2001 WL 1155351, at *2 (Wis. Ct. App. Oct. 2, 2001) ("Generally, a modification to the payment terms of a land contract likewise falls within the statute of frauds and should be in writing.") (citing *Bunbury v. Krauss* , 41 Wis.2d 522, 531–32 (Wis. 1969)) |
| WV | 1,184 | 0% | W. Va. Code § 36–1–3 | *Bennett v. Charles Corp.* , 226 S.E.2d 559, 565 (W.Va. 1976) (Statute of Frauds "cannot be ignored or circumvented in order to achieve what may be a more desirable result for one of two litigants") |
| WY | 832 | 0% | Wyo. Stat. Ann. § 1-23-105 | *Linton v. E.C. Cates Agency, Inc.,* 113 P.3d 26, 32 (Wyo. 2005) ("It is...the general rule that if the original agreement was required to comply with the statute of frauds, any material modification of that agreement must also conform to the statute of frauds.") |
| **TOTAL** | **940,884** | | | |