UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-60633-CIV-SMITH

VINCENT J. MORRIS, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

PHH MORTGAGE CORP., *et al.*,

    Defendants.

_____/

**AMICUS CURIAE AMERICAN LEGAL & FINANCIAL NETWORK'S MOTION
FOR LEAVE TO FILE A BRIEF IN SUPPORT OF THE MOTION FOR
PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT
AND CERTIFICATION OF THE SETTLEMENT CLASS**

    Pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.1, Amicus Curiae American Legal & Financial Network ("ALFN") moves for leave to file the attached brief (**Exhibit B**) in support of the Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class (ECF 46). ALFN has also submitted a draft proposed order (**Exhibit A**) via e-mail to the Court pursuant to Section 3I(6) of the CM/ECF Procedures and Rule 7.1(a)(2).

**MEMORANDUM OF LAW**

    "Although there is no precise rule in the Federal Rules of Civil Procedure governing the submissions of briefs by *amici curiae*, it is accepted that it is within the Court's inherent authority" to allow such filings. *Lathrop v. Unidentified, Wretched & Abandoned Vehicle,* 817 F. Supp. 953, 961 n. 10 (M.D. Fla. 1993). The Court has discretion "to determine the fact, extent, and manner of participation by the *amicus*." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988). The Court has recently exercised that discretion by granting the Attorneys General's motion for leave to file their amicus brief in opposition to the proposed class action settlement (*see*

ECF 119). For the reasons explained below, the Court should similarly grant ALFN the opportunity to submit an amicus brief in support of the proposed class settlement.

ALFN is the largest national network of legal and residential mortgage banking professionals in the United States. ALFN is invested in this case because the issues before the Court affect ALFN's members and relate to its primary focus, which is to serve as the catalyst of the mortgage banking community and as an industry leader in education, connection, innovation, and industry-wide coordination. ALFN supports the proposed settlement because expedited payment-processing methods are good for borrowers, for the mortgage industry that ALFN serves, and for the economy as a whole. Expedited processing services help borrowers avoid late fees, other delinquency-related costs, adverse credit events, and foreclosure. These benefits are directly reflected in the class size, which includes nearly a million "Speedpay" users. Convenience fees are also good for borrowers because they encourage servicers to offer these types of optional services and to continue to make the mortgage-lending process more convenient and accessible.

ALFN does not intend to waste the Court's time or resources with repetitive arguments. Rather, it asks the Court for leave to file a short amicus brief that addresses two narrow legal issues not detailed in other briefs.

First, ALFN intends to show how in the last year several district courts in Florida and around the country have dismissed with prejudice nearly identical claims against PHH and other servicers. Those cases present a high risk that, if the Court rejects the proposed settlement, Plaintiffs will lose this case on the merits—either at the motion-to-dismiss stage, at summary judgment, or at trial.

Second, ALFN will ask the Court to reject the Attorneys General's arguments that their appearance and objections to the note amendment and the convenience fee "weigh[] strongly

against a proposed class action settlement" (ECF 120 at 7).  The Attorneys General have recently taken positions that conflict with their arguments here.  ALFN's amicus brief shows how—despite arguing here that "[n]othing could be more unfair, unreasonable or inadequate" than a settlement that includes an "unwritten, mass" amendment that "violate[ed] states' laws and practices" (*id.* at 6, 10)— the Attorneys General remained silent and did not object to a nearly identical note amendment in a substantially similar settlement that received final approval.  *See McWhorter v. Ocwen Loan Servicing*, 2019 U.S. Dist. LEXIS 232149, at *7-8, 30 (N.D. Ala. Aug. 1, 2019).  And despite claiming that the convenience fees at issue are "excessive, unnecessary and likely illegal" (ECF 120 at 6, 10, 20), the Attorneys General recently executed multiple consent judgments that establish comprehensive, consumer-focused "servicing standards" that authorize PHH and other servicers to charge these types of "payment processing fees."

ALFN believes that these two arguments will inform the Court's Rule 23(e) analysis; support the fairness, reasonableness, and adequacy of the proposed settlement; and explain why the objectors' arguments do not advance the FDCPA's purpose of prohibiting debt collectors from using unfair and deceptive debt-collection methods.  ALFN is concerned that any ruling based on those objections will discourage mortgage servicers from offering expedited payment services or other pro-consumer optional services.  That, in turn, could inhibit consumers nationwide from using this popular and optional expedited payment service.

For these reasons, ALFN asks this Court for the opportunity to show through its amicus brief why it should preliminarily approve the proposed class action settlement.

## **CONCLUSION**

ALFN requests that the Court grant this motion and provide ALFN the opportunity to file its amicus brief in support of the proposed class settlement.

## **CERTIFICATE OF CONFERRAL LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has communicated with all parties to this action regarding the relief requested in this motion. The undersigned communicated with Adam Moskowitz, counsel for the plaintiffs, via e-mail on February 12, 2021, who confirmed that Plaintiffs have no objection to the requested relief. The undersigned communicated via e-mail with Marc Ayers, counsel for the Defendants, on February 12 and 15, who also confirmed that Defendants have no objection to the requested relief. The undersigned also communicated via e-mail on February 12 and 16, with James Kauffman, counsel for the Intervenor Plaintiffs, who asked the undersigned to state their position as follows: "Intervenors take no position on the ALFN's motion for leave to file amicus, but note that the Court denied a similar amicus request (ECF No. 92). Intervenors request that should the Court grant the ALFN leave to file an amicus, that Intervenors be given an opportunity to respond."

*s/Zachary B. Dickens*
Zachary B. Dickens

Respectfully Submitted:

February 16, 2021

**WHITE & CASE LLP**

*s/Raoul G. Cantero*
Raoul G. Cantero
Florida Bar No. 552356
rcantero@whitecase.com

Zachary B. Dickens
Florida Bar No. 98935
zdickens@whitecase.com

200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Counsel for Amicus Curiae*
*American Legal & Financial Network*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on February 16, 2021. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                               *s/Raoul G. Cantero*
                                               Raoul G. Cantero