N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 0:20-CV-60633-RS

VINCENT J. MORRIS, STEVEN SIMMONS, YOLANDA UPTON, and MICHAEL LUZZI, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES, on its own behalf and as successor by merger to OCWEN LOAN SERVICING, LLC, a New Jersey Corporation, and OCWEN LOAN SERVICING, LLC, a Florida Limited Liability Company,

    Defendants.

_____/

**JOINT NOTICE OF FILING OF**
**AMENDED STIPULATION OF SETTLEMENT AND RELEASE**

Plaintiffs Vincent J. Morris, Steven Simmons, Yolanda Upton, and Michael Luzzi (collectively, "Plaintiffs") and Defendant PHH Mortgage Corporation ("PHH"), individually and as successor by merger to named defendant Ocwen Loan Servicing, LLC ("Ocwen," and together with PHH, the "PHH Defendants"), respectfully submit to the Court the Parties' Amended Stipulation of Settlement and Release (the "Amended Settlement"), a true and correct copy of which is attached as **Exhibit 1**. The Amended Settlement was negotiated by the Parties with the assistance of mediator Rodney Max in response to the Court's questions and observations at the March 23, 2021 hearing on whether to preliminarily approve the Parties' original proposed Stipulation of Settlement and Release (the "Original Settlement," Doc. 46-1).

The Amended Settlement revises the Original Settlement in the following ways:

    1.    **The Amended Settlement does not require any claims made process.** In the Amended Settlement, as in the *McWhorter* settlement, the Parties have agreed to distribute

Individual Allocations to *all* Settlement Class Members[1], other than Potential Settlement Class Members who opt out. Am. Stip. ¶¶ 4.7, 4.7.1, 4.7.1.1, 4.7.2, 4.8, 4.9. Settlement Class Members whose Class Loans are not being serviced by the PHH Defendants now *do not* need to submit a proof of claim to be entitled to a distribution of their Individual Allocation. *Compare* Doc. 46-1 ¶¶ 4.7.3, 4.7.3.1, 4.7.3.2, 4.7.3.3, 4.7.3.4 *with* Am. Stip. ¶ 4.7.2.

2. **The Amended Settlement eliminates the reverter.** In the Amended Settlement, Individual Allocation checks that are not cashed, deposited or endorsed by Settlement Class Members do *not* revert to the PHH Defendants. Am. Stip. ¶ 4.8. Individual Allocation checks not cashed, deposited, or endorsed will now be paid to *cy pres* recipient Homes for Our Troops. No Individual Allocations for Settlement Class Members who choose not to opt out shall revert to the PHH Defendants.

3. **The Amended Settlement does not apply any settlement credits to unpaid late fee balances.** The Amended Settlement deletes the provision in the Original Settlement providing that settlement credits will first be applied to reduce any outstanding late fee balance. *Compare* Doc. 46-1 ¶ 4.7.1 *with* Am. Stip. ¶ 4.7.1. Thus, as in *McWhorter*, Individual Allocations to Settlement Class Members whose loans are still being actively serviced by PHH at the time of distribution shall receive credits *only* to the outstanding principal balances of their Class Loans, and not to any unpaid late fee balances. *Id*. ¶ 4.7.1.

4. **The Amended Settlement narrows the applicability of the Settlement's Note Amendment only to loans being serviced by PHH and only amends notes, not mortgages.** The Amended Settlement makes two material changes to the Settlement's Note Amendment provisions. *First*, the Amended Settlement now amends only promissory notes, not mortgages. Am. Stip. ¶ 5.3. *Second*, the Note Amendment in the Amended Settlement only applies to the extent a Class Loan is being serviced by the PHH Defendants or any of their corporate affiliates. *Id*. ¶ 5.3. In other words, the Note Amendment would not apply to the servicing of a Class Loan by any servicer other than PHH. Thus, subsequent servicers would not be granted any rights by the Note Amendment or otherwise be affected by the Note Amendment at all. This should resolve any concerns voiced by the Attorneys General about the Note Amendment potentially creating confusion on the part of subsequent servicers—the Note Amendment now simply will not apply

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings provided to them in the Amended Settlement.

to govern the relationship between any Settlement Class Member and any subsequent servicer. From the standpoint of the objections voiced to the Original Settlement, these changes to the Note Amendment also mark an improvement over the *McWhorter* settlement's note amendment in all respects. In addition, the Amended Settlement and Class Notice now explicitly state that despite the Note Amendment, payment by internet will not result in any Convenience Fee for those enrolled in paperless billing. Plus, only 381,098, or 58% of the total number of Class Loans, will be subject to the Note Amendment, but again, only when and to the extent those loans are being serviced by PHH. *See* Declaration of Krysta Magner in Support of Preliminary Approval of the Amended Settlement ¶ 4, attached hereto as **Exhibit 2**; Doc. 45-1 (calculating 659,304 Class Loans). This number of Note Amendments is lower than the Parties' previous estimates, which were based on PHH's experience in *McWhorter*, wherein a far greater percentage of the settlement class was still being serviced by Ocwen and subject to that settlement's note amendment at a similar note amendment trigger date.

     5.     **Plaintiffs will not seek Service Awards unless *NPAS* is reversed or vacated.** After the Parties entered into the Original Settlement, the Eleventh Circuit decided *Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sept. 17, 2020), which forbade Service Awards for lead plaintiffs in class settlements. Thereafter, the Plaintiffs expressly agreed that they would not seek any Service Award unless *NPAS* is reversed, vacated, or overruled before Plaintiffs' deadline for seeking a service award. *See* Doc. 81 at 2. Plaintiffs' agreement has been expressly incorporated into the Amended Settlement. Am. Stip. at 5–6 & ¶ 10.4.

*   *   *

In all other respects, including the amount of the Settlement Fund, the other injunctive relief, the scope and terms of the release, and the class notice provisions, the Amended Settlement is materially unchanged from the Original Settlement. Corresponding revisions have also been made in the Amended Settlement's proposed Class Notice (Exhibit A) and proposed Preliminary Approval Order (Exhibit C). Tracked change versions of each of these documents (the Amended Settlement, the amended Class Notice, and the amended proposed Preliminary Approval Order) are also attached hereto as **Exhibit 3**.

The Court should preliminarily approve the Amended Settlement. While the Parties recognize that this Court is not bound by *McWhorter*, the Parties' proposed Amended Settlement meets or compares favorably to the *McWhorter* settlement in all respects. For one, the Amended

Settlement provides compensation to a far greater number of borrowers for a much broader range of convenience fee payments than *McWhorter*. Specifically, the Amended Settlement includes borrowers whose loans were not delinquent when the PHH Defendants acquired servicing rights (*see* Am. Stip. ¶ 1.1.39), while *McWhorter* was limited to borrowers whose loans were 30 days or more delinquent, *see McWhorter v. Ocwen Loan Serv., LLC*, 2019 WL 9171207, at *3 (N.D. Ala. Aug. 1, 2019), and the Amended Settlement covers convenience fee payments for a four-year statute of limitations period, while *McWhorter* applied only a one-year statutory period, *see id*. at *2, 4 (*McWhorter* class period began on December 5, 2013, one year before Ocwen added as a defendant). The Amended Settlement also provides additional valuable injunctive relief compared to what was provided in *McWhorter*, including a reduced internet fee. Am. Stip. ¶ 5.1.1.

Plus, the Amended Settlement's Note Amendment provisions are narrower than *McWhorter*'s in at least two material ways. First, the Note Amendment here applies only to promissory notes, not mortgages, whereas the *McWhorter* amendment applied to both. *Compare* Am. Stip. ¶ 5.3 *with McWhorter*, 2019 WL 9171207, at *4. Second, the Amended Settlement's Note Amendment is only effective when and to the extent the Class Loans are being serviced by the PHH Defendants or their corporate affiliates (Am. Stip. ¶ 5.3), whereas the *McWhorter* note amendment applies no matter who is servicing those loans.

Finally, the Parties have eliminated any claims process or reverter in the Amended Settlement. The Amended Settlement's Settlement Fund distribution provisions also are now materially identical to those in *McWhorter*.

While these revisions do not address every objection articulated by the Intervenors and the governmental officials who opined on the Original Settlement, they address many of them. The rest have been fully briefed. As the Parties have repeatedly shown in that briefing: (1) this settlement, as originally negotiated and now as amended, is the product of vigorous, arms-length negotiations before a respected mediator (Doc. 46-2 (Rodney Max Declaration)); and (2) its monetary and injunctive relief, then and now, fall squarely within the range of reasonableness that warrants preliminary approval. This is particularly so when comparing the Amended Settlement to *McWhorter* and when accounting for the risks that Plaintiffs may never prevail on their class claims. Those risks are more acute now than they were when the court approved *McWhorter*. For these reasons and those stated in prior briefing, the Parties ask the Court to preliminarily approve the Amended Settlement and direct notice to be sent to the potential class members. The Court

should permit class members to make their voices heard and decide for themselves whether the Amended Settlement is valuable.

**WHEREFORE**, the Parties respectfully request that the Court grant preliminary approval of the Amended Settlement by entering an order substantially in the form of the proposed Preliminary Approval Order attached as Exhibit C to the Amended Settlement.

Dated: March 26, 2021

Respectfully submitted,

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz (Fla. Bar No. 984280)
adam@moskowitz-law.com
Howard M. Bushman (Fla. Bar No. 364230)
howard@moskowitz-law.com
Joseph M. Kaye (Fla. Bar No. 117520)
joseph@moskowitz-law.com
Barbara C. Lewis (Fla. Bar No. 118114)
barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
P: (305) 740-1423

By: */s/ Josh Migdal*
Josh Migdal (Fla. Bar No. 19136)
josh@markmigdal.com
Yaniv Adar (Fla. Bar No. 63804)
yaniv@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
P: (305) 374-0440
eservice@markmigdal.com

*Attorneys for Plaintiffs and the Class*

*/s/ Timothy A. Andreu*
Timothy A. Andreu (Fla. Bar No. 443778)
tandreu@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 North Tampa Street, Suite 2200
Tampa, FL 33602
P: (813) 559-5500
F: (813) 229-5946

Michael R. Pennington (*pro hac vice*)
mpennington@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 Fifth Avenue North
Birmingham, AL 35203
P: (205) 521-8000
F: (205) 521-8800

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed March 26, 2021 with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Timothy A. Andreu*
Timothy A. Andreu (Fla. Bar No. 443778)
*Attorney for Defendants*
