# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO: 20-60633-CIV-SMITH

VINCENT J. MORRIS and MICHAEL LUZZI,
on behalf of themselves and all others similarly
situated,

                    Plaintiffs,

PHH MORTGAGE CORPORATION d/b/a
PHH MORTGAGE SERVICES, on its own
behalf and as successor by merger to OCWEN
LOAN SERVICING, LLC, a New Jersey
Corporation, and OCWEN LOAN
SERVICING, LLC, a Florida Limited Liability
Company,

                    Defendants.

_____/

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING A CLASS FOR**
**SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND**
**SCHEDULING A FINAL APPROVAL HEARING**

The Parties and their respective counsel have entered into a Second Amended Stipulation

of Settlement and Release (the "Agreement"), which, with its incorporated exhibits, sets forth the

terms of the Parties' agreement, to settle and dismiss this litigation on a class-action basis (the

"Settlement") subject to the Court's approval.  On October 18, 2022, Plaintiffs Vincent J. Morris

and Michael Luzzi[1] jointly filed a motion for preliminary approval of the Settlement (ECF No.

178).  Contemporaneously, Defendant PHH Mortgage Corporation ("PHH"), individually and as

_____

[1] The parties agreed to dismiss without prejudice the claims of Plaintiffs Simmons and Upton, who
are not members of either Settlement Class. Simmons and Upton filed notices of voluntary
dismissal on September 23, 2022 (ECF No. 176).

successor by merger to named Defendant Ocwen Loan Servicing, LLC ("Ocwen")[2], filed a Notice of Compliance regarding the notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, with respect to the Settlement (ECF No. __). The Court has reviewed Plaintiffs' motion for preliminary approval, Defendants' separate notice motion regarding CAFA compliance (ECF No. __), the Settlement,[3] and the pleadings filed to date in this matter to determine whether the proposed Settlement Class should be preliminarily approved. Having fully considered the Parties' motions, and the arguments offered by counsel, **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.   Plaintiffs' motion for preliminary approval of the Settlement is **GRANTED**.

2.   **Partial Stay of this Action**.  All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

3.   **Jurisdiction**.  The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d)(2)(A), including jurisdiction to approve and enforce the Settlement and all orders and decrees that have been entered or which may be entered pursuant thereto.  The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Class defined below (*see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)), and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

4.   **Conditional Class Certification for Settlement Purposes Only**.  The Court is presented with a proposed settlement prior to a decision on class certification, and must therefore

---

[2] Although named as a Defendant in this action, Ocwen no longer exists as a standalone entity. PHH is Ocwen's successor by merger for the purposes of the claims asserted in this action.  As used herein, "Defendants" refers to both PHH and Ocwen.

[3] The definitions in Section II.1 of the Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Agreement.

determine whether the proposed Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23, albeit for purposes of settlement. *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997). The proposed Settlement Class includes each of the following:

The **"FDCPA Class"[4]** is defined as (A) all borrowers on residential mortgage loans secured by mortgaged property in the United States whose mortgage loans were serviced but not owned by Ocwen  and to which Ocwen acquired servicing rights when such loans were 30 days or more delinquent on their loan payment obligations, and who, at any time during the period from March 25, 2019 through and including August 17, 2022, paid a Convenience Fee to Ocwen that was not refunded or returned; PLUS (B) all borrowers on residential mortgage loans secured by mortgaged property in the United States whose mortgage loans were serviced but not owned by PHH and to which PHH acquired servicing rights when such loans were 30 days or more delinquent on their loan payment obligations, and who, at any time during the period from March 25, 2019 through and including August 17, 2022, paid a Convenience Fee to PHH that was not refunded or returned.

Excluded from the FDCPA Class are (a) borrowers whose loans were included as class loans in the previously approved class action settlement in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH (N.D. Ala.); (b) borrowers whose loans make them potential members of the proposed settlement classes in *Torliatt v. Ocwen Loan Servicing, LLC*, Case Nos. 3:19-cv-04303-WHO, 3:19-cv-04356-WHO (N.D. Cal.), or *Thacker v. PHH Mortgage Corp.*, Case no. 5:21-cv-00174-JPB (Bailey) (N.D. W. Va.), whether or not those borrowers timely and validly exclude themselves from those settlement classes; (c) borrowers who are or were named plaintiffs in any civil action other than this Action which challenges Convenience Fees charged by a PHH Defendant that was initiated against either PHH Defendant on or before the date the Agreement was fully executed; (d) the PHH Defendants' board members and executive level officers; and (e) the federal district and magistrate judges assigned to this Action, along with persons within the third degree of relationship to them.

The **"Florida Class"** is defined as all borrowers on residential mortgage loans secured by mortgaged property in the State of Florida who, at any time during the period from March 25, 2016 to August 17, 2022, paid a Convenience Fee to either Ocwen or PHH that was not refunded or returned.

Excluded from the Florida Class are (a) borrowers whose loans were included as class loans in the previously approved class action settlement in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH (N.D. Ala.); (b) borrowers who are or were named plaintiffs in any civil action other than this action which challenges Convenience Fees charged by a PHH Defendant that was initiated against either PHH Defendant on or before the date the Agreement was fully executed; (c) borrowers in the

---

[4] "FDCPA" refers to the federal Fair Debt Collection Practices Act.

"FDCPA Class" defined above who did not also make an additional Convenience Fee payment to the PHH Defendants between March 25, 2016 and March 24, 2019; (d) the PHH Defendants' board members and executive level officers; and (e) the federal district and magistrate judges assigned to this Action, along with persons within the third degree of relationship to them. For the avoidance of doubt, a borrower in the FDCPA Class who also paid a fee to either PHH Defendant between March 25, 2016 and March 24, 2019, inclusive, and who otherwise meets the definition of the Florida Class would be in both the FDCPA Class and the Florida Class.

"In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011). The Court must also be satisfied that the proposed class "is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). The Court conditionally finds and concludes, for settlement purposes only, that:

a.　　The Settlement Class is ascertainable. A class is ascertainable if it is "adequately defined such that its membership is capable of determination." *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1304 (11th Cir. 2021). Here, the proposed definitions s of the Florida Class and the FDCPA Class are based on objective criteria, all of which are determinable from PHH's business records. *See* Declaration of Kevin Campbell (ECF No. 177) ("Campbell Decl.") at ¶¶ 5-6. Individual, subjective inquiries to identify who may be a member of the Settlement Class are unnecessary. *See Bohannan v. Innovak Int'l, Inc.*, 318 F.R.D. 525, 530 (M.D. Ala. 2016) (proposed class was ascertainable where membership in the class was based on objective criteria and the defendant's data could be used to easily identify the putative class members).

b.　　The Settlement Class also easily satisfies the numerosity requirement of Rule 23(a)(1). *Cox v. Am. Cast Iron Pip Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) ("[W]hile there

is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."). The Settlement is comprised of 141,563 primary, joint and/or co-borrowers on the 105,314 home mortgage loans who paid a Convenience Fee to Defendants between March 26, 2016 and August 17, 2022, inclusive, for making a loan payment by telephone, interactive voice response telephone system ("IVR") or the internet. *See* Campbell Decl. at ¶ 6. Of those 105,314 Class Loans, 33,449 qualify for membership in the FDCPA Class, while 75,861 qualify for membership in the Florida Class. *Id*. There is overlap between the FDCPA Class and Florida Class, with 3,996 loans qualifying for membership in both classes. *Id*.

      c.    The commonality requirement of Rule 23(a)(2) is also satisfied for purposes of settlement. To satisfy Rule 23(a)(2), there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is met when the claims of all class members "depend upon a common contention," with "even a single common question" sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011) (citation omitted); *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (commonality of claims "requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members" (internal citations omitted)). Every key issue in the Action stems from the same alleged course of conduct: Defendants charging Settlement Class Members Convenience Fees to make their mortgage payments by telephone via live operator, by IVR, or via the internet. There are issues raised in this Action that are common to each Settlement Class Member, including, among other things: (a) whether charging a fully-disclosed and agreed-to Convenience Fee for a separate payment service that a servicer is never required to offer and a borrower is not required to use violates the FDCPA, the Florida Consumer Collection Practices Act ("FCCPA"), the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA"), or any other applicable law; (b) whether Defendants' Convenience Fees are permitted by law when charged for use of a payment method not referenced in the loan documents; and (c) whether Settlement Class Members are entitled to refunds or damages under Section 1692k of the FDCPA, under the FCCPA, under the FDUTPA, or for breach of contract as a result of Defendants' alleged conduct.  As a result, for purposes of settlement only, Rule 23(a)'s commonality requirement is satisfied.  *Muzuco v. Re$ubmitit, LLC*, 297 F.R.D. 504, 515 (S.D. Fla. 2013) (concluding FDCPA class satisfied Rule 23's commonality requirement because class was uniformly charged a disputed fee); *accord Jones v. Advanced Bureau of Collections LLP*, 317 F.R.D. 284, 291 (M.D. Ga. 2016) (commonality satisfied in FDCPA class action where class members were subjected to a common course of conduct by the defendant); *Drossin v. Nat'l Action Fin. Servs., Inc.*, 255 F.R.D. 608, 615-16 (S.D. Fla. 2009) (same).

    d.      The Settlement Class also satisfies the typicality requirement of Rule 23(a)(3).  The test of typicality is "whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class members have been injured by the same course of conduct."  *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 641 (S.D. Fla. 2015) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  The typicality requirement "may be satisfied even though varying fact patterns support the claims or defenses of individual class members, or there is a disparity in the damages claimed by the representative parties and the other members of the class," *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D. 677, 698 (N.D. Ga. 1991), so long as the claims or defenses of the class and class representatives "arise from the same events, practice, or conduct and are based on the same legal theories," *Navelski v. Int'l Paper Co.*,

6

244 F. Supp. 3d 1275, 1306 (N.D. Fla. 2017) (citing *Kornberg v. Carnival Cruise Lines, Inc*., 741 F.2d 1332, 1337 (11th Cir. 1984)).  Here, Plaintiffs allege that they are situated identically with respect to every other Settlement Class Member.  Plaintiffs have alleged that they suffered the same injuries as every other Settlement Class Member by being charged Convenience Fees when paying their mortgage payments by telephone, IVR, or the internet, even though such fees were allegedly not authorized by their loan documents and allegedly not otherwise permitted by law.  For purposes of class settlement, this is sufficient to satisfy Rule 23(a)'s typicality requirement. *Wright v. Circuit City Stores, Inc.*, 201 F.R.D. 526, 539 (N.D. Ala. 2001) ("Typicality is satisfied where the claims of the class representatives arise from the same broad course of conduct [as] the other class members and are based on the same legal theory."); *accord Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 501-11 (N.D. Cal. 2007) (concluding FDCPA class satisfied Rule 23's typicality requirement because common claim was that defendant had had attempted to collect improper fees and charges from class members); *O'Dell v. Nat'l Recovery Agency*, 291 F. Supp. 3d 687, 698-99 (E.D. Pa. 2018) (certifying FDCPA class after finding that the claims of the named plaintiff and putative class members were typical, in that the common allegation was that defendant had improperly re-aged the accounts of the class).

     e.  Plaintiffs are adequate representatives of the Settlement Class under Rule 23(a)(4).  All have standing (*see* Motion for Preliminary Approval ECF No. 178 at 18), are members of the Settlement Class they seek to represent (Plaintiff Morris for the Florida Class and Plaintiff Luzzi for the FDCPA Class (*see* ECF No. 97-1 ¶ 5)), and the Court is aware of no antagonistic interests that exist between Plaintiffs and the Settlement Class Members.  The Court is also satisfied that Class Counsel have the qualifications and experience necessary to undertake this litigation and serve as counsel for the Settlement Class.  *See, e.g., Feller, et al. v. Transamerica*

*Life Ins. Co.*, No. 16-cv-01378-CAS (C.D. Cal.) ("*Feller*") (appointed Plaintiffs' counsel in a finally approved $195 million life insurance settlement); *Belanger v. RoundPoint Mortgage Servicing Corporation, et al.*, Case No. 1:17-cv-23307 (S.D. Fla.) (appointed Plaintiffs' counsel as class counsel and finally approved class action settlement regarding force placed property insurance); *Checa Chong v. New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing*, No. 9:18-cv-80948-ROSENBERG/REINHART, ECF No. 50 (S.D. Fla. Sept. 13, 2019) (same); *Quarashi v. M&T Bank Corp*, No. 3:17-cv-6675, ECF No. 83 (D.N.J. June 24, 2019); *Smith v. Specialized Loan Servicing, LLC, et al.*, No. 3:17-cv-06668, ECF No. 68 (D.N.J. Apr. 1, 2019) (same); *Rickert v. Caliber Home Loans, Inc., et al.*, No. 3:17-cv-06677 (D.N.J. Apr. 1, 2019) (same).

       f.     In addition to meeting all four of Rule 23(a)'s prerequisites for certification, a proposed class of claims seeking monetary relief also must satisfy Rule 23(b)(3)'s additional requirements—predominance and superiority.  As detailed below, both the predominance and superiority requirements of Rule 23(b)(3) are satisfied.

       i.     While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether those common issues predominate over "issues that are subject only to individualized proof." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997).  Rule 23(b)(3)'s predominance requirement tests "whether [the] proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." *Carriulo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016) (citing *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)).  Whether common issues predominate depends on "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).  Here, as detailed above, the elements of the Settlement Class Members' claims present common factual

and legal questions, including but not limited to (a) whether charging a fully-disclosed and agreed-to Convenience Fee for a separate payment service that a servicer is never required to offer and a borrower is not required to use violates the FDCPA, the Florida Consumer Collection Practices Act ("FCCPA"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), or any other applicable law; (b) whether Defendants' Convenience Fees are permitted by law when charged for use of a payment method not referenced in the loan documents; and (c) whether Settlement Class Members are entitled to damages under Section 1692k of the FDCPA, under the FCCPA, or under the FDUTPA as a result of Defendants' alleged conduct.    For the purposes of Settlement, the Court finds that these common issues of law and fact predominate over any individualized issues. *See, e.g.*, *Hallmark v. Cohen & Slamowitz, LLP*, 293 F.R.D. 410, 418-19 (W.D.N.Y. 2013) (common issues surrounding claim that defendant violated FDCPA by attempting to collect an improper charge predominated over any individual issues in case); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 75-76 (N.D. Ill. 2016) (predominance satisfied in FDCPA class action alleging that defendant attempted to collect from class members an improper percentage-based collection fee).

        ii.      Rule 23(b)(3) also asks whether the class action device is "superior to other available methods for fairly and efficiently adjudicating the controversy."  For purposes of an opt-out class settlement, the Court concludes that the class action device is superior to other methods of resolving the issues in this Action given there is no negative value to each Plaintiff's claims, given the ability of Settlement Class Members to opt out, "given the large number of claims, the relatively small amount of damages available to each individual,  and given the desirability of consistently adjudicating the claims…." *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 663 (M.D. Fla. 2015).  And because Plaintiffs seek class certification for settlement purposes, the Court need not inquire into whether this Action, if tried, would present intractable

management problems.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Carriuolo*, 823 F.3d at 988; *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012) ("[M]anageability concerns do not stand in the way of certifying a settlement class.").

5.      Accordingly, for purposes of considering, approving, and effectuating the Settlement and to fairly and adequately protect the interests of all concerned with regard to all claims set forth in the Operative Complaint, the Court conditionally certifies the FDCPA Class and the Florida Class (together, the "Settlement Class") for settlement purposes only.

5.      **Appointment of Class Representatives and Class Counsel**.  The Court hereby appoints Plaintiff Michael Luzzi as the representative of the conditionally certified FDCPA Class and Vincent J. Morris as the representative of the conditionally certified Florida Class.  The Court further designates and appoints Adam M. Moskowitz, Howard M. Bushman, Joseph M. Kaye, and Barbara C. Lewis of the Moskowitz Law Firm, PLLC, who the Court finds are experienced and adequate counsel, as the legal counsel for the Settlement Class ("Class Counsel").  Class Counsel are authorized to represent Plaintiffs and the Settlement Class Members, to enter into and seek approval of the Settlement on behalf of the Settlement Class, and to bind Plaintiffs, all other Settlement Class Members, and themselves to the duties and obligations contained in the Settlement, subject to the final approval of the Settlement by the Court.

6.      **Preliminary Settlement Approval**.  The Court finds, subject to the Fairness Hearing, that the Settlement is sufficiently fair, reasonable, and adequate that it falls within the range of possible approval, and it is in the best interests of the Settlement Class that they be given the opportunity to be heard regarding the Settlement and the opportunity to exclude themselves from the proposed Settlement Class.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004).

Further, the Settlement meets the standards for preliminary approval set forth in the amended Rule 23(e).  *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019).   The amended Rule 23(e)(2) requires courts to consider whether:

(a)     the class representatives and class counsel have adequately represented the class;

(b)     the proposal was negotiated at arm's length;

(c)     the relief provided for the class is adequate, taking into account:

  i.   the costs, risks, and delay of trial and appeal;

  ii.  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;

  iii. the terms of any proposed award of attorney's fees, including timing of payment; and

  iv.  any agreement required to be identified under Rule 23(e)(3); and

(d)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. at 29. Providing notice to the Settlement Class Members is justified by the showing that the Court likely will be able to approve the proposed Settlement under Rule 23(e)(2).

The Court further finds that the Settlement substantially fulfills the purposes and objectives of the Action, and offers beneficial relief to the Settlement Class that falls within the range of potential recovery in successful litigation of the FDCPA and Florida state law claims asserted in this Action.  Although PHH does not admit any fault or liability in the Settlement, PHH agreed to provide $2,771,068 in relief to be distributed according to the Agreement.  The Parties propose that such relief be used first to satisfy any Attorney's Fees and Expenses and Service Awards that the Court may ultimately award, with the remainder then distributed as Individual Allocations to

Plaintiffs and those Settlement Class Members who do not timely exclude themselves from the Settlement Class.

Under the Settlement, PHH has agreed, among other things, to make direct cash payments via check to all Settlement Class Members.  Under the Settlement, PHH will make available two Settlement Funds. First, PHH will make available an "FDCPA Settlement Fund" of $1,233,381, which amount is equal to the sum of 32% of the Retained Convenience Fees paid to Ocwen on FDCPA Class Loans from March 25, 2019 through and including August 17, 2022 for borrowers meeting subpart (A) of the definition of the FDCPA Class and 32% of the Retained Convenience Fees paid to PHH on FDCPA Class Loans from March 25, 2019 through and including August 17, 2022 for borrowers meeting subpart (B) of the definition of the FDCPA Class. Second, PHH will make available a "Florida Settlement Fund" of $1,537,687, which amount is equal to 18% of the Retained Convenience Fees paid to Ocwen or PHH by Florida Class Members on Florida Class Loans from March 25, 2016 through August 17, 2022, but excluding Retained Convenience Fees already subject to an allocation from the FDCPA Settlement Fund.

Each FDCPA Class Loan will receive an Individual Allocation from the FDCPA Settlement Fund, calculated as follows: the proportion of Retained Convenience Fees paid to either Ocwen or PHH on that FDCPA Class Loan between March 25, 2019 and August 17, 2022, as compared to the total aggregate amount of all Retained Convenience Fees paid to either Ocwen or PHH on all FDCPA Class Loans during that period. Only Retained Convenience Fees paid to a servicer that serviced but did not own the FDCPA Class Loan and that acquired servicing rights to the FDCPA Class Loan when it was 30 days or more delinquent will be included in these calculations. For the avoidance of doubt, a borrower who qualifies as an FDCPA Class Member because Ocwen acquired servicing rights when the loan was 30 days or more delinquent would be

entitled to and Individual Allocation for the Retained Convenience Fees paid to Ocwen. But if that same FDCPA Class Loan later service transferred to PHH when it was not 30 days or more delinquent, then that borrower on that FDCPA Class Loan would not receive any Individual Allocation from the FDCPA Settlement Fund for the Retained Convenience Fees paid to PHH after the service transfer.

Each Florida Class Loan will receive an Individual Allocation from the Florida Settlement Fund, calculated based on the proportion of Retained Convenience Fees paid to Ocwen or PHH from March 25, 2016 to August 17, 2022 (but excluding Convenience Fee payments captured in the FDCPA Settlement Fund) as compared to the total aggregate amount of all Retained Convenience Fees paid to and retained by either Ocwen or PHH with respect to all Florida Class Loans during that period (but again excluding all Convenience Fees already subject to an allocation from the FDCPA Settlement Fund).

The Court finds that this is an effective method of distributing relief to the Settlement Class, and treats Settlement Class Members equitably relative to each other. At this stage, the Court also finds such relief to be within the range of reasonableness,[5] especially given the risks of success on

---

[5] To warrant preliminary approval, a proposed class settlement should offer a recovery that "falls within th[e] range of reasonableness," which need not be "the most favorable possible result of litigation." *Lazy Oil Co. v. Wotco Corp.*, 95 F. Supp. 2d 290, 338 (W.D. Pa. 1997), *aff'd*, 166 F3d 581 (3d Cir. 1999). Here, the relief offered by the Settlement is roughly 20% of the Settlement Class's potential recovery, and sufficient to warrant preliminary approval of the Settlement given that since 1995, class action settlements typically "have recovered between 5.5% and 6.2% of the class member's estimated losses." *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001); *see also Parsons v. Brighthouse Networks, LLC*, No. 2:09-cv-267, 2015 WL 13629647, at *3 (N.D. Ala. Feb. 5, 2015) (noting that a class settlement recovery of between 13% to 20% is "frequently found … to be fair and adequate"); *In re Newbridge Networks Sec. Litig.*, No. 94-cv-1678, 1998 WL 765724, at *2 (D.D.C. 1998) ("[A]n agreement that secures roughly six to twelve percent of a potential trial recovery, while preventing further expenditures and delays and eliminating the risk that no recovery at all will be won, seems to be within the targeted range of reasonableness."); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1350 (S.D. Fla. 2011) (9% class recovery "is still within the range of reasonableness").

the merits of Plaintiffs' claims.  Indeed, similar claims have been dismissed here in Florida and elsewhere.[6]  Because it is far from certain that the Settlement Class could prevail at trial or secure class certification in a contested litigation setting, both sides have ample reason to compromise on these terms. At the same time, the Settlement offers meaningful relief now, and the Release contemplated by the Settlement is a limited one, releasing only those claims that relate to or arise in whole or in part from the Convenience Fees charged by Defendants to Settlement Class Members between during the applicable class periods for making loan payments by telephone via live operator, by IVR, by the internet, or by other payment methods not authorized by their loan documents.

Furthermore, in addition to the monetary relief the Settlement provides, it also secures valuable prospective relief for the Settlement Class.  First, the Settlement includes a reduction on the amount that PHH will charge Settlement Class Members for online/web payments from $7.50 to $6.50 for the next two years.  Second, PHH has agreed that the amounts that it charges to Settlement Class Members for telephone/IVR payments—currently $17.50 for telephonic

---

[6] *See Bardak v. Ocwen Loan Servicing, LLC*, No. 8:19-cv-1111, ECF No. 72 (M.D. Fla. August 12, 2020) (dismissing convenience fee claims with prejudice); *Kelly v. Ocwen Loan Servicing, LLC*, No. 3:20-cv-50-J-32JRK, 2020 WL 4428470 (M.D. Fla. July 31, 2020); *Lang v. Ocwen Loan Servicing, LLC*, No. 3:20-CV-81-J-20MCR, ECF No. 21 (M.D. Fla. July 17, 2020); *Turner v. PHH Mortg. Corp.*, No. 8:20-CV-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020); *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 WL 1904596 (N.D. Cal. April 17, 2020) (dismissing nationwide breach of contract and FDCPA claim); *Caldwell v. Freedom Mortgage Corporation*, Case No. 2020 WL 4747497 (N.D Tex. August 17, 2020) (dismissing breach of contract claims, even on mortgages with deeds of trust insured by the Federal Housing Administration); *Mariscal v. Flagstar Bank FSB*, 2020 WL 4804983 (C.D. Cal. August 4, 2020) (dismissing breach of contract and violations of California's Rosenthal Fair Debt Collection Practices Act and Unfair Competition Law); *Amye Elbert v. Roundpoint Mortgage Servicing Corporation*, 2020 WL 4818605 (N.D. Cal. August 20, 2020) (dismissing California Rosenthal Act and UCL, as well as striking the class allegations).

payments through a live operator and $7.50 for IVR payments—shall remain at or below those levels for a period of two years.   Third, PHH will also add additional disclosures to its website to increase borrower awareness of alternative payment methods that could have lower fees or no fees. Finally, PHH will provide training and scripting to customer service employees to provide additional information and disclosures about Convenience Fees and about alternative payment options that do not involve a fee.  This is eminently fair to all concerned.

These factors all strongly favor the Settlement's preliminary approval.  The Court also finds that the Settlement (a) is the result of serious, informed, non-collusive, arm's length negotiations involving experienced counsel informed and familiar with the legal and factual issues of the Action and reached through protracted mediation sessions with the assistance of independent mediator the Honorable John W. Thornton of JAMS; (b) is sufficient to warrant notice of the Settlement and the Fairness Hearing to the Settlement Class Members; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; (d) offers a full and fair remediation to the Settlement Class Members; and (e) is not a finding or admission of liability of Defendants. The Court further finds that Plaintiffs and Class Counsel have adequately represented the Settlement Class. Accordingly, the Court grants preliminary approval of the Settlement under Federal Rule of Civil Procedure 23(e), subject to further consideration at the Fairness Hearing after notice to the Settlement Class Members.

7.     **No Additional Agreements Required to Be Identified**:  The Court has confirmed that there are no agreements required to be identified under Rule 23(e)(3).

8.     **<u>Fairness Hearing</u>**.   A Fairness Hearing shall be held before this Court on _____,   20__,   beginning   at   __:__   a.m./p.m.,   in   Courtroom   __   of   the

_____   _____, to determine, among other things, as set forth in Section 11 of the Agreement, whether (a) the Court has personal jurisdiction over the Parties and all Settlement Class members and subject matter jurisdiction to approve the Settlement; (b) the Settlement is fair, reasonable, and adequate such that the Settlement should be granted final approval by the Court; (c) the certification of the Settlement Class should be made final for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (d) the Class Notice implemented pursuant to the Agreement (i) constituted the best practicable notice under the circumstances; (ii) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the Agreement and proposed Settlement; and to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court; (e) Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Agreement; (f) to incorporate the Settlement's Release provisions in Section 3 of the Agreement, make the Release effective as of the Final Settlement Date, and forever discharge the Released Persons as set forth in the Agreement;  (g) Attorneys' Fees and Expenses should be awarded by the Court to Class Counsel, and in what amount, pursuant to Federal Rule of Civil Procedure 23(h); (h) whether Service Awards should be approved by the Court to Plaintiffs, and in what amounts; and (i) whether a Final Order and Judgment should be entered, and this Action thereby dismissed with prejudice, pursuant to the terms of the Agreement.  The Court may adjourn or reschedule the Fairness Hearing without further notice to the Settlement Class Members.

9.      **Further Submissions by the Parties**.  Any application by Class Counsel for Attorneys' Fees and Expenses and for Service Awards to the Plaintiffs shall be filed with the Court no later than fourteen (14) days before the Objection/Exclusion Deadline.  The Settlement Administrator shall promptly post any such application to the Settlement Website after its filing with the Court.  All other submissions of the Parties in support of the proposed Settlement, or in response to any objections submitted by Settlement Class Members, shall be filed no later than ten (10) days before the Fairness Hearing.  The Settlement Administrator is directed to file a list reflecting all requests for exclusion it has received from Settlement Class Members with the Court no later than ten (10) days before the Fairness Hearing.

10.     **Administration**.  The Court authorizes and directs the Parties to establish the means necessary to administer the proposed Settlement, and implement the class notification process in accordance with the terms of the Settlement.  The Parties are hereby authorized to retain RG/2 Claims Administration LLC to serve as the Settlement Administrator, at Defendants' expense, to aid in implementing the terms of the Settlement.

11.     **Notice to Federal and State Regulators**.  The Court has reviewed the Defendants' notice of compliance with the requirements of CAFA, as codified at 28 U.S.C. § 1715, and the attached exhibits.  The Court finds and concludes that the form and contents of, and information provided by, the notices given by Defendants to federal and state regulatory officials, as well as the identity of the officials to whom those notices were sent, to be reasonable, proper, and in full compliance with the requirements of 28 U.S.C. § 1715.  As such, the Court finds that Defendants need not provide any further or supplemental notices under CAFA, unless otherwise ordered or agreed in response to a request by a recipient of the CAFA notice.

12.     **Notice to the Settlement Class**.  The Court approves, as to both form and content,

the Class Notice attached to the Settlement, as well as the proposed plan and methodology for distributing that notice to the Settlement Class Members as set forth in Section 7 of the Settlement. Accordingly,

a. The Court orders the Settlement Administrator, within twenty-eight (28) days following entry of this Preliminary Approval Order and subject to the requirements of this Preliminary Approval Order and the Settlement, to cause the Class Notice to be mailed, by First-Class U.S. Mail, proper postage prepaid, to the Settlement Class Members identified as borrowers in Defendants' records on each Class Loan, addressed to the mailing address of record for that Class Loan as reflected in Defendants' records. The Court further orders the Settlement Administrator to: (i) prior to mailing, attempt to update the last known mailing addresses for each Class Loan as reflected in Defendants' records through the National Change of Address system or similar databases; (ii) promptly re-mail any Class Notices that are returned by the United States Postal Service with a forwarding address and continue to do so with respect to any such returned mail that is received seven (7) days or more prior to the Objection/Exclusion Deadline; and (iii) determine, as soon as practicable, whether a valid address can be located through use of the United States Postal Service's National Change of Address database and/or other reasonable means and without undue cost or delay, for those Class Notices that are returned without a new or forwarding address, and promptly re-mail copies of the Class Notice to any Settlement Class Members for whom the Settlement Administrator is reasonably able to locate valid addresses in accordance herewith, so long as the valid addresses are obtained seven (7) days or more prior to the Objection/Exclusion Deadline.

b. Following the entry of this Preliminary Approval Order and prior to the mailing of notice to the Settlement Class Members, the Parties are permitted by mutual agreement

to make changes in the font, format, and content of the Class Notice provided that the changes do not materially alter the substance of that notice.  Any material substantive changes to those notices must be approved by the Court.

        c.     The Parties shall cause the Settlement Administrator to establish an internet website to inform Settlement Class Members of the terms of the Agreement, their rights, dates and deadlines, and related information.  The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, and should be operational and live by the date of the mailing of the Class Notice.  At this time, the Court orders that the Settlement Website include the following: (i) the Operative Complaint; (ii) the Agreement, and its exhibits; (iii) a copy of this Preliminary Approval Order; (iv) the Class Notice; and (v) a disclosure, on the Settlement Website's "home page," of the deadlines for Settlement Class Members to seek exclusion from the Settlement Class, to seek exclusion from or to object to the Settlement, as well as the date, time and location of the Fairness Hearing.

        d.     The Parties shall also cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the settlement website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost not to exceed $15,000.

        e.     The Parties shall also cause the Settlement Administrator to place a Spanish-language translation of the Class Notice on the Settlement Website at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified interpreter or translator. However, in the case of conflict, the English-language version of the Class Notice shall control.

        f.     No later than ten (10) days before the date of the Fairness Hearing, the

Settlement Administrator, and to the extent applicable, the Parties, shall file with the Court a declaration or declarations, verifying compliance with the aforementioned class-wide notice procedures.

13.     **Findings Concerning the Notice Program**.  The Court finds and concludes that the form, content, and method of giving notice to the Settlement Class as described in this Preliminary Approval Order: (a) will constitute the best practicable notice under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to the proposed Settlement (including, without limitation, their right to object to or seek exclusion from, the proposed Settlement); (c) is reasonable and constitutes due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) satisfies all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due Process Clause).  The Court further finds that the Class Notice is written in simple terminology, and is readily understandable.

14.     **Cost Obligations for the Notice Program**.  All Costs of Administration, including those associated with providing notice to the Settlement Class as well as in administering the terms of the Settlement, shall be paid by Defendants as set forth in the Agreement.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs, nor Class Counsel, nor the Settlement Class Members shall have any obligation to Defendants for such costs and expenses.

15.     **Communications with Settlement Class Members**.  The Court authorizes Defendants to communicate with Settlement Class Members, potential Settlement Class Members,

and to otherwise engage in any other communications within the normal course of Defendants' business. However, Defendants are ordered to refer any inquiries by Settlement Class Members or potential Settlement Class Members about the Settlement to the Settlement Administrator or Class Counsel.

16.     **Preliminary Injunction.**  To protect the Court's jurisdiction and ability to determine whether the Settlement should be finally approved, pending such decision all Potential Settlement Class Members are hereby preliminarily enjoined (i) from directly or indirectly filing, commencing, participating in, or prosecuting (as class members or otherwise) any lawsuit in any jurisdiction asserting on their own behalf claims that would be Released Claims if this Settlement is finally approved, unless and until they timely exclude themselves from the Settlement Class as specified in the this Order and in the Agreement and its exhibits; and (ii) regardless of whether they opt out, Potential Settlement Class Members are further preliminarily enjoined from directly or indirectly filing, prosecuting, commencing, or receiving proceeds from (as class members or otherwise) any separate purported class action asserting, on behalf of any Settlement Class Members who have not opted out from the Settlement Class, any claims that would be Released Claims if this Settlement receives final approval and becomes effective.

17.     **Exclusion ("Opting Out") from the Settlement Class**.  Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a written request for exclusion to the Settlement Administrator, mailed sufficiently in advance to be received by the Settlement Administrator by the Objection/Exclusion Deadline.  A request for exclusion must comply with the requirements set forth in Section 8 of the Agreement and must: (a) contain a caption or title that identifies it as "Request for Exclusion in *Morris v. PHH* (case number 0:20-

cv-60633-RS)"; (b) include the Potential Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. A request for exclusion may not request the exclusion of more than one member of the Settlement Class; provided, however, that an exclusion request received from one Settlement Class Member will be deemed and construed as an exclusion request by all co-debtors, joint-debtors, and multiple borrowers on the same Class Loan.  The loan number for each Class Loan shall be included in the Class Notice sent to the Settlement Class Members identified as borrowers with respect to that Class Loan.

18.     Any Settlement Class Member who timely requests exclusion consistent with these procedures shall not: (a) be bound by a final judgment approving the Settlement; (b) be entitled to any relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be entitled to object to any aspect of the Settlement.

19.     Settlement Class Members who do not exclude themselves from the Settlement Class in full compliance with the requirements and deadlines of this Preliminary Approval Order shall be deemed to have forever consented to the exercise of personal jurisdiction by this Court and shall have waived their right to be excluded from the Settlement Class and from the Settlement, and shall thereafter be bound by all subsequent proceedings, orders, and judgments in this Action, including but not limited to the Release contained in the Settlement, regardless of whether they have requested exclusion from the Settlement Class (but failed to strictly comply with the procedures set forth herein) and even if they have litigation pending or subsequently initiate litigation against Defendants relating to the claims and transactions released in the Action.

20.     **Objections and Appearances**.  Any Settlement Class Member (or counsel hired at any Settlement Class Member's own expense) who does not properly and timely exclude himself or herself from the Settlement Class, and who complies with the requirements of this paragraph and the procedures specified in the Class Notice, may object to any aspect or effect of the proposed Settlement.

a.     Any Settlement Class Member who has not filed a timely and proper written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the certification of the Settlement Class, or to the award of Attorneys' Fees and Expenses, or to the Service Award, or to any other aspect or effect of the Settlement, or to the Court's jurisdiction, must file a written statement of objection with the Court no later than the Objection/Exclusion Deadline.

b.     An objection must be in writing, and must: (a) contain a caption or title that identifies it as "Objection to Class Settlement in *Morris v. PHH* (case number 0:20-cv-60633-RS)"; (b) include the Settlement Class Members' name, mailing and email addresses, contact telephone number, and Class Loan number(s) for which an objection is being made; (c) state whether the objection applies only to the individual objection or to the entire class or a subset of the class; (d) state with specificity the specific reason(s), if any, for each of your objections, including all legal support you wish to bring to the Court's attention and all factual evidence you wish to introduce in support of your objection; (e) disclose the name and contact information of any and all attorneys representing, advising, or in any way assisting the Settlement Class Member in connection with the preparation or submission of the objection; (f) state if the objecting Settlement Class Member intends to appear and argue at the Fairness Hearing; and (g) be personally signed by the objecting Settlement Class Member.

c.      To file a written statement of objection, an objector must mail it to the Clerk of the Court sufficiently in advance that it is received by the Clerk of the Court on or before the Objection/Exclusion Deadline, or the objector may file it in person on or before the Objection/Exclusion Deadline at any location of the United States District Court for the Southern District of Florida, except that any objection made by a Settlement Class Member represented by his or her own counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

d.      Any Settlement Class Member who fails to comply strictly with the provisions in this Preliminary Approval Order for the submission of written statements of objection shall waive any and all objections to the Settlement, its terms, or the procedurals for its approval and shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and will be deemed to have consented to the exercise of personal jurisdiction by the Court, consented to the Settlement, consented to be part of the Settlement Class, and consented to be bound by all the terms of the Settlement, this Preliminary Approval Order, and by all proceedings, orders, and judgments that have been entered or may be entered in the Action, including, but not limited to, the Release described in the Settlement.  However, any Settlement Class Member who submits a timely and valid written statement of objection shall, unless he or she is subsequently excluded from the Settlement Class by order of the Court, remain a Settlement Class Member and be entitled to all of the benefits, obligations, and terms of the Settlement in the event the Settlement is given final approval and the Final Settlement Date is reached.

21.      **Termination of Settlement**.   This Preliminary Approval Order, including the conditional class certification contained in this Preliminary Approval Order, shall become null and void and shall be without prejudice to the rights of the Parties or Settlement Class Members, all of

whom shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement: (a) is not finally approved by the Court, (b) does not become final pursuant to the terms of the Settlement; (c) is terminated in accordance with the Settlement; or (d) does not become effective for any other reason.

22.    **Use of this Preliminary Approval Order**.  In the event the Settlement does not reach the Final Settlement Date or is terminated in accordance with the terms of the Settlement, then: (a) the Settlement and the Agreement, and the Court's Orders, including this Preliminary Approval Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) the conditional certification of the Settlement Class pursuant to this Preliminary Approval Order shall be vacated automatically, without prejudice to any Party or Settlement Class Member to any legal argument that any of them might have asserted but for the Settlement, and this Action will revert to the status that existed before the Settlement's execution date; (c) this Action shall proceed pursuant to further orders of this Court; and (d) nothing contained in the Settlement, or in the Parties' settlement discussions, negotiations, or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Preliminary Approval Order or in any other rulings regarding class certification for settlement purposes, shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or proceeding, or be admissible into evidence for any purpose in the Action or any other proceeding by any person for any purpose whatsoever.  This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members whether or not they submit a

written request for exclusion.

23. **Continuing Jurisdiction**.   This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Settlement or this Preliminary Approval Order, and to assure the effectuation of the Settlement for the benefit of the Settlement Classes.

**IT IS SO ORDERED** this _____ day of _____, 20___.

_____
**RODNEY SMITH**
**United States District Judge**