# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

Case No. 0:20-CV-60633-RS

VINCENT J. MORRIS, STEVEN SIMMONS, YOLANDA UPTON, and MICHAEL LUZZI, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES, on its own behalf and as successor by merger to OCWEN LOAN SERVICING, LLC, a New Jersey Corporation, and OCWEN LOAN SERVICING, LLC, a Florida Limited Liability Company,

    Defendants.

_____/

## DEFENDANT'S MOTION FOR FINDING OF COMPLIANCE WITH THE NOTICE REQUIREMENTS OF THE CLASS ACTION FAIRNESS ACT

Defendant PHH Mortgage Corporation ("PHH"), individually and as successor by merger to Ocwen Loan Servicing, LLC ("Ocwen"), respectfully moves the Court to find that it has fully complied with the class settlement notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. In support of this motion, Defendant states as follows:

### ARGUMENT

1. The parties have entered into a Stipulation of Settlement and Release (the "Settlement"), that resolves the claims asserted in this action on behalf of a Settlement Class proposed by the parties' Settlement. (Doc. 178-1). On October 18, 2022, Plaintiffs moved the Court to preliminarily approve that Settlement. (Doc. 178).

2. CAFA requires that within ten (10) days of the filing of a proposed class action

settlement with a court, the defendant "shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement." 28 U.S.C. § 1715(b). To comply with this requirement, on October 28, 2022, Defendant served a CAFA Notice of Proposed Settlement, together with various exhibits on an enclosed CD (collectively, the "CAFA Notice"), by certified mail on the Attorney General of the United States, the Attorneys General of Alabama, Alaska, Arkansas, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, North Dakota, New Hampshire, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Vermont, Wisconsin, Washington, D.C., and Puerto Rico, the Federal Trade Commission, and the Consumer Financial Protection Bureau. (*See* Declaration of Michael R. Pennington ("Pennington Decl.") ¶ 2 (attached as **Exhibit 1**). The CAFA Notice complies with all of CAFA's requirements.

## I. Defendant's CAFA Notice was timely.

3. CAFA requires that notification of a proposed class action settlement be served on the appropriate State and Federal officials "not later than 10 days after" the proposed settlement is filed with the Court. 28 U.S.C. § 1715(b). Here, the proposed Settlement was filed with the Court on October 18, 2022. (Doc. 41). Defendant served the CAFA Notice ten (10) days later on October 28, 2022. Pennington Decl. ¶ 2 and Ex. A.

## II. Defendant served its CAFA Notice upon the correct parties.

4. CAFA requires notice of a proposed class action settlement to be served on the "appropriate" State and Federal officials. 28 U.S.C. § 1715(b). The "appropriate" federal official for purposes of CAFA notification is the Attorney General of the United States, subject to certain exceptions not applicable here. 28 U.S.C. § 1715(a)(1). Although not specifically required by CAFA, Defendant also served the CAFA Notice on the Federal Trade Commission and the Consumer Financial Protection Bureau, as both have general regulatory authority over nonbank mortgage servicing companies. Pennington Decl. ¶ 2 and Ex. A.

5.      According to CAFA, "the term 'appropriate State official' means the person in the State who has the primary regulatory or supervisory responsibility with respect to the defendant, or who licenses or otherwise authorizes the defendant to conduct business in the State, if some or all of the matters alleged in the class action are subject to regulation by that person." 28 U.S.C. § 1715(a)(2).  However, "[i]f there is no primary regulator, supervisor, or licensing authority, or the matters alleged in the class action are not subject to regulation or supervision by that person, then the appropriate State official shall be the State attorney general." *Id*.  In other words, CAFA does not require a defendant to guess which State official should receive notice if there are potentially several different persons and agencies whose regulatory authority might be at issue.  28 U.S.C. § 1715(e)(2) (a defendant will be deemed to have complied with CAFA's notice requirements if the required notice was "directed to the appropriate Federal official and to either the State attorney general or the person that has primary regulatory, supervisory or licensing authority over the defendant")

6.      Here, "the matters alleged in the class action" relate to PHH's assessment of convenience fees for borrowers' use of optional online or telephonic payment methods.  The matters alleged in this case are not "subject to regulation or supervision" by any single State official, nor is there any single person in any State "who has primary regulatory or supervisory responsibility with respect to" Defendant, with such responsibility is generally split between varying State officials and agencies.  Therefore, the appropriate State officials for purposes of CAFA notification here are the States' Attorneys General.  28 U.S.C. §§ 1715(a)(2); 1715(e)(2).

7.      After compiling a roster of the members of the proposed Settlement Class, Defendant identified from that roster the U.S. States, Districts, Commonwealths and Territories in which the proposed Settlement Class Members reside.  *See* 28 U.S.C. § 1332(e) (incorporated by reference in the jurisdictional provisions of CAFA codified at 28 U.S.C. § 1332(d) and defining "States" to include "the Territories, the District of Columbia, and the Commonwealth of Puerto Rico").  Settlement Class Members were identified as residing in Alabama, Alaska, Arkansas, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maine,

Massachusetts, Michigan, Minnesota, Mississippi, Montana, North Dakota, New Hampshire, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Vermont, Wisconsin, Washington, D.C., and Puerto Rico.  Defendant then served the CAFA Notice on the Attorneys General of each such State, District, Commonwealth, and Territory.  Pennington Decl. ¶ 2 and Ex. A.

8.  Thus, PHH complied with 28 U.S.C. § 1715(b), by serving the CAFA Notice on the "appropriate" State and Federal officials.

**III.  The content of the CAFA Notice complied with the requirements of CAFA.**

9.  Finally, the content of the CAFA Notice complied with the requirements of CAFA.  Under CAFA, a class action settlement notice must contain:

(1)  a copy of the complaint and any materials filed with the complaint and any amended complaints;

(2)  notice of any scheduled judicial hearing in the class action;

(3)  any proposed or final notification to class members of—

　(A)

　　(i) the members' rights to request exclusion from the class action; or

　　(ii) if no right to request exclusion exists, a statement that no such right exists; and

　(B) a proposed settlement of a class action;

(4)  any proposed or final class action settlement;

(5)  any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants;

(6)  any final judgment or notice of dismissal;

(7)

　(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or

  (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement; and

(8)   any written judicial opinion relating to the materials described under subparagraphs (3) through (6).

28 U.S.C. § 1715(b). Here, the CAFA Notice complied with all of these requirements. *Compare* 28 U.S.C. § 1715(b) *with* Pennington Decl. at ¶ 2 and Ex. A.

## CONCLUSION

For the foregoing reasons, PHH respectfully requests that the Court enter the proposed order attached as **Exhibit 2** hereto and find that PHH has complied with CAFA's notice provision requirements.

Dated: October 28, 2022

            */s/ Timothy A. Andreu*
            Timothy A. Andreu (Fla. Bar No. 443778)
            BRADLEY ARANT BOULT CUMMINGS LLP
            100 North Tampa Street, Suite 2200
            Tampa, FL 33602
            Telephone: (813) 559-5500
            Facsimile: (813) 229-5946
            tandreu@bradley.com

            Michael R. Pennington (*admitted pro hac vice*)
            BRADLEY ARANT BOULT CUMMINGS LLP
            1819 Fifth Avenue North
            Birmingham, Alabama 35203
            Telephone: (205) 521-8391
            Facsimile: (205) 488-6391
            **Counsel for Defendant**
            **PHH Mortgage Corporation**

## CERTIFICATE OF SERVICE

   I hereby certify that on October 28, 2022, I electronically served the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record in the Court's ECF filing system.

                  */s/ Timothy A. Andreu*
                  Attorney for Defendant PHH Mortgage Corporation